[No. 9597.   Department Two. — May 20, 1887.]

MARGARET TOBELMAN ET AL., APPELLANTS, v. HENRY HILDEBRANDT ET AL., RESPONDENTS.

ESTATE OF DECEDENT — OMISSION OF EXECUTOR TO CHARGE HIMSELF WITH INDIVIDUAL DEBT — FINAL ACCOUNT — SETTLEMENT BINDING ON HEIRS. — Where the executor of the last will of a deceased person fraudulently omits to include in the inventory of the estate, or to charge himself in his final account with, an indebtedness due from himself to the decedent, and the account is settled by the court as presented, the heirs of the decedent, having knowledge of the fraudulent conduct of the exec-

utor prior to the settlement of the account, are concluded by the decree, and cannot afterwards maintain an action against the executor to recover the indebtedness.

Id.— Conclusiveness of Decree Settling Account.— An order of a probate court allowing or disallowing a final account is a final settlement and adjudication of the matter of which it assumes to dispose, and cannot afterwards be collaterally attacked or impeached in the same or any other court by the parties thereto or their privies.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*J. C. Bates*, for Appellants.

*A. H. Loughborough*, for Respondent Hildebrandt.

Searls, C.—This is an action to recover upon a promissory note, alleged to have been made by defendant Hildebrandt to August Tittel, the testator of plaintiffs. Judgment of nonsuit was rendered, from which, and from an order denying a new trial, plaintiffs appeal. The complaint alleges that on the twentieth day of August, 1866, August Tittel, in consideration of thirteen thousand dollars, sold and conveyed to defendant Hildebrandt a lot of land on Sutter Street, San Francisco; that defendant paid in cash three thousand dollars, and made his promissory note for the sum of ten thousand dollars, the residue of the purchase price of said lot; that this promissory note was, with other papers of Tittel, placed in an iron safe, to which defendant had access, and that defendant was the confidential agent of Tittel.

August Tittel departed this life February 1, 1868, leaving a last will, under which defendant Hildebrandt was appointed executor.

The will was duly admitted to probate, and administered upon by the defendant as executor, who filed an inventory, and ultimately rendered his final account, which was approved, and a decree made distributing the

estate. The note in question was not included in the inventory, and, the complaint charges, was fraudulently destroyed by the defendant, and omitted from the inventory with the fraudulent intent of cheating plaintiffs, who are beneficiaries under the will. The answer denies making the note, and all allegations relating thereto.

At the trial plaintiffs sought to prove, by plaintiff Margaret Tobelman, conversation, between August Tittel, deceased, and his wife, including declarations of the former in his own favor, touching the existence of the promissory note in suit. The court sustained an objection to the testimony. These declarations were hearsay, and clearly incompetent.

The motion for a nonsuit was based upon the following ground:—

" The complaint, containing a copy of decree settling a final account, is final and conclusive as to the parties, and cannot be disturbed except by a direct proceeding."

According to the allegations of the complaint, defendant filed his final account, and prayed for a decree of distribution of the estate, which was granted, and the decree, a copy of which is attached to the complaint and made a part thereof, was duly signed, and filed January 4, 1882.

" The settlement of the account and the allowance thereof by the court, or upon appeal, is conclusive against all persons in any way interested in the estate." (Code Civ. Proc., sec. 1637.) Section 1908 of the same code declares that the judgment or order of a court having jurisdiction as to the administration of an estate is conclusive. (*Reynolds* v. *Brumagim*, 54 Cal. 254; *Tilton* v. *Tebbetts*, 24 N. H. 120; *Grady* v. *Porter*, 53 Cal. 680; *Estate of Stott*, 52 Cal. 403.)

The plaintiffs herein appeared in the Probate Court, and filed objections to the final account of defendant as executor. They do not aver in their complaint that they were ignorant of the facts constituting the alleged fraud

on the part of the defendant at the time the executor's account was settled, and the evidence shows that they were aware of such facts long prior thereto.

The decrees and orders of a Probate Court, made in the exercise of jurisdiction conferred upon it by law, are as final and conclusive as the judgments, decrees, or orders of any other court.

The character and finality of *res adjudicata* attach to the decisions of Probate Courts, irrespective of the nature of the issue determined, provided the court had jurisdiction to determine it. (Freeman on Judgments, sec. 319 a.)

It follows that an order of a Probate Court, allowing or disallowing a final account, is a final settlement and adjudication of the matter of which it assumes to dispose, and it cannot thereafter be collaterally attacked or impeached in the same or any other court by the parties thereto, or those in privity with them.

The decree of a Probate Court, settling the account of an administrator, may be attacked for fraud or mistake, like other judgments.

It was said in *Griffith* v. *Godey*, 113 U. S. 93: "If the property be omitted by mistake, or be subsequently discovered, a court of equity may exercise its jurisdiction in the premises, and take such action as justice to the heirs of the deceased, or to the creditors of the estate, may require, even if the Probate Court might, in such case, open its decree and administer upon the omitted property. And a fraudulent concealment of property, or a fraudulent disposition of it, is a general and always existing ground for the interposition of equity."

The evidence, as before stated, shows affirmatively that plaintiffs were aware of the facts constituting the alleged fraud long prior to the settlement of the final account of the administrator. This being so, and there being no impediment to the investigation in the Probate Court, plaintiffs are concluded by the action of such court.

For this reason, and for the further reason that there was no sufficient evidence to support a verdict in favor of plaintiffs, had such verdict been rendered, the judgment and order appealed from should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.