[L. A. No. 6259.   Department One.—May 27, 1920.]

In the Matter of the Estate of JANE SIMONTON, Deceased.   J. G. SIMONTON et al., Appellants, v. JEREMIAH LEITER et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—PRESENTATION OF WIDOW'S FINAL ACCOUNT — OWNERSHIP OF PROPERTY NOT INVENTORIED OR ACCOUNTED FOR—EFFECT OF SETTLEMENT.—The presentation by a widow of her final account as executrix of the will of her deceased husband and petition for its settlement presents as between her and the legatees under the will the question as to what property in her hands is part of the estate, and in the absence of fraud or mistake, the settlement involves a conclusive determination in her favor that certain property in her name at the time of her husband's death and which was not inventoried or accounted for as part of his estate is her own and not community property.

[2] ID.—ORDER OF SETTLEMENT OF FINAL ACCOUNT—CONCLUSIVE CHARACTER AS TO PROPERTY.—An order settling a widow's final account as executrix of her deceased husband's will, when it becomes final, is as between her and those beneficially interested in the estate conclusive upon her as to the ownership of any property for which she is held accountable, and is conclusive upon those beneficially interested as to any property for which she is not held accountable and which she does not withhold from her accounts fraudulently or by mistake.

[3] ID.—PERSONS CONCLUDED BY SETTLEMENT.—An order settling the final account of a widow as executrix of the will of her deceased husband is conclusive as between the legatees under the will and the successors in interest of the executrix.

[4] ID. — COMMUNITY PROPERTY — RIGHT OF SUCCESSION BY HEIRS OF PREDECEASED SPOUSE—CONSTRUCTION OF CODE.—The provision of subdivision 8 of section 1386 of the Civil Code that if the deceased is a widow and leaves no issue, and the estate or any portion thereof was common property of such deceased and her deceased spouse, while such spouse was living, such property goes in equal shares to the children of such deceased spouse, etc., applies only to community property received by will or inheritance or retained by virtue of its character as community property. If the husband be the survivor, it applies to the community property which, as such, he retains without administration. If the wife be the survivor, it applies to such of the community property as she receives either by will or as her share of the estate.

[5] ID.—FAMILY ALLOWANCE—FEES AS EXECUTRIX—RELATIVES OF PREDECEASED SPOUSE NOT ENTITLED.—Property received by a widow from her husband's estate by way of family allowance as his widow and by way of fees as his executrix is not received by will or inheritance, and is properly distributed under section 1386, subdivision 8, of the Civil Code to her next of kin exclusively.

[6] ID.—PROCEEDS OF HOMESTEAD—PROPER DISTRIBUTION TO NEXT OF KIN OF SURVIVOR OF COMMUNITY.—Proceeds of a homestead selected by the wife while both she and her husband were living and set aside to her in the course of administration of his estate are properly distributed under section 1386, subdivision 8, of the Civil Code, upon the death of the wife, to her next of kin.

[7] ID.—PROPERTY ACQUIRED BY WIDOW AFTER DEATH OF HUSBAND— SOURCE OF FUNDS NOT TRACED — RIGHT OF NEXT OF KIN OF WIDOW.—Property acquired by a widow after her husband's death with funds the source of which cannot be traced is properly distributed, under section 1386, subdivision 8, of the Civil Code, to her next of kin.

[8] ID.—SUCCESSION TO PROPERTY AS HEIR OF PREDECEASED SPOUSE— BURDEN OF PROOF.—Where the right of a person as heir depends not merely upon the fact of a certain relationship, but upon the fact of such relationship plus the fact that the property he claims as heir had formerly been either the community property of the deceased and his or her predeceased spouse or else the separate property of the latter, the burden of proof of showing such additional fact rests upon him.

APPEAL from a decree of distribution of the Superior Court of Los Angeles County. James C. Rives, Judge. Affirmed.

The facts are stated in the opinion of the court.

Stewart & Stewart for Appellants.

George W. Prince, Jr., Overton, Lyman & Plumb and Wm. B. Himrod for Respondents.

OLNEY, J.—This is an appeal from the final decree of distribution of the estate of Jane Simonton, deceased. The decedent by her will, after making certain specific bequests, left the residue of her estate to her "heirs at law as provided by the laws of succession of the state of California." She was the widow of one George W. Simonton, and left no descendants of her own, but there survived her a son and a daughter of her husband by a former marriage and three children of a deceased son of her husband by that marriage. She also left blood relations of her own.

The statute of successions in this state (section 1386, Civil Code) provides in brief (subdivision 8), that when a widow dies intestate and without issue, such of her estate as was formerly either the community property of herself and husband or his separate property shall go to the descendants of her husband, if any there be, and the balance of her estate shall go to her next of kin by blood.

In the present instance, upon the presentation of the petition for distribution, issue was made between the descendants of Mr. Simonton and the next of kin of Mrs. Simonton as to what portion of her estate had been formerly community property, and should therefore go to Mr. Simonton's descendants, and as to what portion was not of this character and should therefore go to Mrs. Simonton's branch of the family. There was no contention that any portion of the estate had been formerly Mr. Simonton's separate estate. The probate court proceeded to determine the issue so made, found that a certain portion of the estate had been formerly community property, and that a very considerable portion had not, and decreed distribution accordingly. From this result the descendants of Mr. Simonton, with the exception of his daughter, appeal, claiming that as to certain property found not to have been formerly community property, the finding of the court is not sustained by the evidence.

The property as to which the finding of the probate court is attacked by the appellants falls into four classes—first, property which stood in Mrs. Simonton's name at the

time of her husband's death and was not inventoried or accounted for as a part of his estate, but which the appellants claim was nevertheless community property; second, property received by Mrs. Simonton from her husband's estate by way of family allowance as his widow and by way of fees as his executrix; third, property which is the proceeds of certain real property, claimed by appellants to have been community property, which had been selected as a homestead by Mrs. Simonton and her husband while both were living and was set aside to her as such in the administration of his estate; and, fourth, certain property purchased by her after her husband's death with funds the source of which is not traced.

[1] As to the first class of property, that in Mrs. Simonton's name at the time of her husband's death and which was not inventoried or accounted for as a part of his estate, a complete answer to the appellant's contention is that the question is now concluded by the settlement of Mrs. Simonton's account as an executrix of her husband's will. As one of his personal representatives it was her duty to inventory and account in the administration of his estate for all of his property, either common or separate, in her possession or of which she had knowledge. In particular, if the property here in question was common property as is now claimed, it was her duty to inventory and account for it. The appellants, on the other hand, were legatees under his will, and the amount of their legacies depended directly upon the amount of the estate, so that they were directly interested in the executrix including in her inventory and account everything forming part of the estate. Under these circumstances the presentation of Mrs. Simonton's account as executrix and the petition for its settlement presented as between her and the appellants the question as to what property in her hands was part of the estate, and the settlement of her account of necessity involved a determination of this question. (*Estate of Hall,* 154 Cal. 527, [98 Pac. 269]; *Stevens* v. *Superior Court,* 155 Cal. 148, [99 Pac. 512].)

[2] The order of settlement, when it became final, was as between her and those beneficially interested in the estate conclusive upon her as to the ownership of any property for which she was held accountable. (*Estate of Burdick,* 112 Cal. 387, [44 Pac. 734].) Conversely, it was conclusive

upon those beneficially interested as to any property for which she was not held accountable and which she did not withhold from her accounts fraudulently or by mistake. (*Tobelman* v. *Hildebrandt,* 72 Cal. 313, [14 Pac. 20]; *Latail-lade* v. *Orena,* 91 Cal. 579, [25 Am. St. Rep. 219, 27 Pac. 924]; *Estate of Grant,* 131 Cal. 429, [63 Pac. 731]; *Silva* v. *Santos,* 138 Cal. 536, [71 Pac. 703].) There is no showing of any sort that in the present case Mrs. Simonton failed to account for the property in question through fraud or mistake. [3] The settlement of her account being conclusive under these circumstances as between the appellants and herself, it is likewise conclusive as between the appellants and her successors in interest, the respondents. (Code Civ. Proc., sec. 1960.) It follows that the probate court properly found that the property which stood in Mrs. Simonton's name and of which she had possession at the time of her husband's death and which she did not account for as a part of his estate was not community property.

As to the second class of property in dispute, property acquired by Mrs. Simonton from her husband's estate by way of family allowance as his widow and fees as his executrix, the question is determined by the proper construction of the code section. The material provision of the code (section 1386, subdivision 8) reads: "If the deceased is a widow . . . and leaves no issue, and the estate, or any portion thereof, was common property of such decedent and . . . her deceased spouse, while such spouse was living, such property goes in equal shares to the children of such deceased spouse," etc. Literally, this would include any property which had once been community property, no matter if it were not such at the time of the husband's death, as, for example, where the husband had in his lifetime given it to his wife for her separate property. But such a meaning is clearly not what was intended, and it has already been held that it is not the true meaning. (*Estate of McCauley,* 138 Cal. 546, [71 Pac. 458].)

[4] The only rational construction which can be given the provision is that it applies only to community property received by will or inheritance or retained by virtue of its character as community property. If the husband be the survivor, it applies to the community property which, as such, he retains without administration. If the wife be the

survivor, it applies to such of the community property as she receives either by will or as her share of the estate. This, and this alone, is undoubtedly what was in the mind of the legislature when it adopted these provisions whereby those who are not the relatives of a decedent are yet made heirs by reason of their relationship to a predeceased spouse of the decedent.

The correctness of this construction is made doubly evident by the language of the second paragraph of the code subdivision, that which deals with property which was the separate property of the predeceased spouse. There the language is that such property as "came to the decedent (the surviving spouse) by descent, devise, or bequest" from the spouse first dying shall go to the latter's relatives. This language is specific as to how the property must come to the decedent in order that the provision apply. The equivalent provision in the case of community property would be one limited to property received or retained by the survivor of the community either by will or by inheritance or by virtue of its character as community property. There is a fair presumption that upon this point the provisions with regard to community and separate property were intended to be equivalent, for no reason for a difference exists. Furthermore, to place a broader construction upon the provision in regard to community property than the language of the provision in regard to separate property will permit as to it would be to place the relatives of a predeceased spouse in a more favorable position with regard to community property than with regard to such spouse's separate property, when, if any distinction were to be made, it would naturally be just the contrary. In this connection it may perhaps be worthy of note that in another respect, that of the matter of division between the two sets of relatives, a distinction is made between separate and community property, and that the distinction, as is natural, is in favor of the relatives of the predeceased spouse as to property which was his or her separate property. The code subdivision provides that if neither spouse leaves descendants, the separate property of the spouse first dying shall go to his or her relatives exclusively, while the community property shall be divided between the relatives of both spouses.

Our conclusion, as stated, is that the code provision refers only to community property which the surviving spouse received by will or inheritance or retained by virtue of its character as community property. **[5]** The property which Mrs. Simonton received as family allowance and as fees as executrix was not received by her in any of these ways, and it follows that the probate court properly distributed it to her next of kin exclusively.

**[6]** What has just been said is likewise determinative of the question as to the third class of property in dispute, that which is the proceeds of the homestead set aside to Mrs. Simonton. Admitting the appellant's contention, which is very doubtful, that the property, when homesteaded, was community property, it was yet impressed with the homestead while both Mrs. Simonton and her husband were alive. It is familiar learning that under these circumstances the property vested upon Mr. Simonton's death absolutely in Mrs. Simonton as the survivor, and this not by way of inheritance or as in any way a part of her husband's estate. The order made in the course of the administration of his estate setting the property aside to her was wholly unnecessary and ineffective. (*Hart* v. *Taber*, 161 Cal. 20, [118 Pac. 252], and authorities there cited.) Practically the identical question here presented was presented in *Estate of Beer*, 178 Cal. 54, [171 Pac. 1062], where it was decided that the relatives of a predeceased spouse were not the heirs of the surviving spouse as to property which had been homesteaded and which came to the surviving spouse by virtue of the homestead. The only difference between it and the present case is that there the homestead was selected by the predeceased spouse out of her own separate estate, while here it was selected out of community property. But the difference is immaterial, since the right of the surviving spouse in the two cases is identical. Our conclusion, therefore, is that the appellants are not entitled to any portion of the proceeds of the homestead property.

**[7]** As to the fourth class of property, that acquired by Mrs. Simonton after her husband's death with funds the source of which was not traced, the argument of appellants' counsel would seem to be that such funds must be presumed to be the proceeds of community property, since, according to their contention, practically all the property she

had was community property. But since, as we have just held, a very substantial portion of her property was not community property, his argument fails. [8] Furthermore, where the right of a person as heir depends not merely upon the fact of a certain relationship, but upon the fact of such relationship plus the fact that the property he claims as heir had formerly been either the community property of the decedent and his or her predeceased spouse or else the separate property of the latter, the burden of proof of showing such additional fact rests upon him. It is a fact which must appear in order that he be an heir, and he is an heir only as to property as to which it does appear. It is an essential element of his claim of heirship and he must affirmatively show it, just as in the ordinary case where heirship depends entirely upon relationship, the burden rests upon the claimant of proving the relationship which makes him an heir. In the present case the fact that the source of the funds with which Mrs. Simonton purchased certain property after her husband's death is not traced, means that as to this property the appellants' claim of heirship was not made out. It follows that the property was properly distributed to the respondents, who are heirs by virtue of their relationship alone.

The claim is also made on behalf of the appellants that the income received during administration from the portion of the estate which was determined by the probate court to be theirs was not distributed to them, but included in the cash distributed to the respondents. Of this claim respondents' counsel in their brief make what is apparently a complete refutation, and nothing in rebuttal appears in the appellants' reply brief. Under these circumstances we do not feel compelled to inquire ourselves into the correctness of the refutation but will assume it.

Decree affirmed.

Shaw, J., and Lawlor, J., concurred.

Hearing in Bank denied.

All the Justices concurred.