[L. A. No. 6902. In Bank.—December 19, 1923.]

J. G. SIMONTON et al., Appellants, v. LOS ANGELES TRUST & SAVINGS BANK, etc., et al., Defendants; GRACE ECKHART et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—FRAUDULENT CONCEALMENT OF ESTATE PROPERTY—OMISSION THROUGH MISTAKE TO ACCOUNT FOR —EXTRINSIC FRAUD. — The fraudulent concealment or omission through mistake of an executrix to account for personal property belonging to the estate of the decedent, with the result that such

property is appropriated by her for her own personal use and benefit, constitutes extrinsic fraud.

[2] Id.—Title—Judgment—Equity.—The fact that personal property belonging to a testator was fraudulently withheld by the executrix from the attention of the probate court and was not administered upon at all in the testator's estate could not have defeated persons having an estate limited in remainder of such estate which vested immediately upon the death of the testator. The title to the property was not changed in anywise by the omission of the executrix fraudulently to account for it, and while the property was included in the estate of the executrix as constituting a part of her estate by her alleged fraudulent acts in violation of her office and trust, and distributed as a part of her estate, the remaindermen were not concluded by a decree thus wrongfully procured and equity with its broad and general powers of relief will come to their aid.

[3] Id.—Title—Probate Court—Jurisdiction.—A probate court has no power to determine disputes between heirs or devisees and strangers as to the title to property.

APPEAL from a judgment of the Superior Court of Los Angeles County. C. S. Burnell, Judge. Reversed.

The facts are stated in the opinion of the court.

Stewart & Stewart for Appellants.

G. S. Delavan and George W. Prince, Jr., for Respondents.

Thomas C. Ridgeway and Jesse A. Gyger, *Amici Curiae.*

SEAWELL, J.—A petition for a rehearing was granted in this case and it is therefore before us for further consideration. The principal reason for granting the petition was to correct and expunge the following misstatement of law which appeared in the last paragraph thereof: "The appellants here are not the heirs of Jane Simonton and take nothing by her will."

The court does not wish to be misunderstood as to the specific personal property subject to litigation. Appellants are entitled to litigate in this action only the one-half of the personal property alleged to have been omitted from G. W. Simonton's estate, and which property was claimed by them as remaindermen under the will of G. W. Simonton, deceased, adversely to the estate of Jane Simonton, deceased,

and not as her heirs or under her will. The decree of distribution as made in the estate of Jane Simonton as to all other property has become final and is not subject to further disturbance under the issues as framed and the law as settled in the matter of the *Estate of Jane Simonton,* 183 Cal. 53 [190 Pac. 442]. To what extent, if at all, the record in the proceedings of the case last mentioned may be urged as a bar to the present action for the remainder in the other half of the property, after the termination of Jane Simonton's life estate therein, cannot now be determined, as the record is not properly before us, and we are not in a position to say, and therefore express no opinion on the subject.

We re-adopt as the law of the case the following portions of our former opinion enlarged by an insertion of new matter which appear without the quoted portions:

"This proceeding was brought to impress a trust upon certain specified personal property consisting of shares of the capital stock of certain banks, trust companies, etc., the ownership of which is a matter of dispute, distributed to respondents by final decree of the probate court of the county of Los Angeles in the *Matter of the Estate of Jane Simonton, Deceased.* The Los Angeles Trust and Savings Bank, a corporation, was made a party for the sole reason that it is the executor of the last will and testament of Jane Simonton, deceased.

"Appellants by a second amended complaint allege, first, that Jane Simonton, as the executrix of the last will and testament of her predeceased husband, G. W. Simonton, fraudulently and designedly concealed said personal property claimed by appellants to have been common property of said G. W. Simonton and his wife, Jane Simonton, from the notice, attention, and consideration of the probate court in the administration of the estate of said G. W. Simonton, and the same was not mentioned, reported or accounted for by her as executrix of said estate but was fraudulently and wrongfully appropriated by her to her own personal use and benefit, in violation of her trust and to the prejudice of appellants, children and descendants of children of G. W. Simonton, deceased, by a former marriage. It is further alleged that appellants had no knowledge of the existence of said personal property or means of discovering the exist-

ence of the same until after said property had been inventoried and returned by the executor of the last will of said Jane Simonton as a part of the separate property of her estate. Said property was by the final decree in the estate of said Jane Simonton distributed to respondents, members of her branch of the family, as provided by section 1386, subdivision 8, Civil Code, to the exclusion of appellants.

"By way of a second cause of action appellants allege, secondly, that said personal property was not inventoried or accounted for by said Jane Simonton, as executrix of her husband's estate, for the reason that she entertained the false belief and was laboring under a mistake to the effect that it was her separate property and was no part of her said husband's estate; or that it was omitted by or through other mistake not shown to appellants.

"A general demurrer was sustained to both causes of action. Appellants refused to amend and judgment was entered accordingly for respondents. Hence, this appeal.

"The demurrer was no doubt sustained on the theory, first, that the fraud charged or mistake committed was intrinsic to the proceedings in the *Matter of the Estate of G. W. Simonton;* and, second, that the probate court in the *Matter of the Estate of Jane Simonton,* found as an issue properly before it for determination that said personal property was her separate property at the time of the death of her husband and by the final decree of distribution filed therein appellants and all other persons claiming any portion of said estate are concluded thereby. (*The William Hill Co.* v. *Lawler,* 116 Cal. 359 [48 Pac. 323]; Code Civ. Proc., sec. 1666; *Estate of Schmierer,* 168 Cal. 747 [145 Pac. 99].)

"A brief statement of the allegations of the second amended complaint which follow closely the contentions made by counsel is essential for an understanding of the issues submitted for decision.

"G. W. Simonton died testate on the sixteenth day of August, 1904, a resident of the county of Los Angeles. His estate was administered upon by his wife, Jane Simonton, who was named in his will as executrix. All of the property which was returned or reported as property belonging to the estate was common property and was distributed in accordance with the terms of his will as follows:

One-half to the widow, Jane Simonton, in her absolute right as her one-half of the community property, and the other one-half to her during her life with remainder over to the children of said G. W. Simonton or their representatives then surviving. No specific devises of property were made.

"Jane Simonton thereafter died testate, to wit, February 25, 1917, a resident of the county of Los Angeles, without issue of her body, but there survived her children of her said predeceased husband by a former wife and representatives of other children by said former marriage, all of whom it appears are joined as plaintiffs and appellants herein except Sophie Harris, a daughter, who is not a party to this proceeding. She also left blood relatives of her own. By her will she devised and bequeathed the residue of her property to her heirs at law as provided by the laws of succession of the state of California.

"Counsel take the position that the decision must turn upon a finding whether or not the omission or failure to include said personal property in the estate of W. G. Simonton constituted extrinsic or intrinsic fraud."

[1] That the fraud described by the complaint is extrinsic in character is not a debatable question under the authorities of this state. The case of *Silva* v. *Santos*, 138 Cal. 536, at page 541, dealt with the settling of a guardian's account and his discharge, and as it marshals the authorities of this state and makes reference to others, we quote at length: "The principal question argued in the briefs is whether, upon the admitted facts stated in the complaint, the judgment of the court settling the guardian's account and discharging him from his trust, from which no appeal was taken, is final. Beyond dispute the jurisdiction of the superior court, sitting in probate, is both original and exclusive. (*Goad* v. *Montgomery*, 119 Cal. 552 [63 Am. St. Rep. 145, 51 Pac. 681]; *Estate of Strong*, 119 Cal. 663 [51 Pac. 1078]; *Sohler* v. *Sohler*, 135 Cal. 323 [87 Am. St. Rep. 98, 67 Pac. 282]. See, also, the earlier cases of *Graff* v. *Mesmer*, 52 Cal. 638; *Allen* v. *Tiffany*, 53 Cal. 17; *Brodrib* v. *Brodrib*, 56 Cal. 564.) Conceding this, however, appellant contends, and we think the law is, that equity has jurisdiction to interpose and furnish appropriate relief where a judgment or order has been attained by the employment of frauds and artifices such as would justify interferences of such court. Appel-

lant cites *Dean* v. *Superior Court,* 63 Cal. 473; *Tobelman* v. *Hildebrandt,* 72 Cal. 313 [14 Pac. 20]; *Lataillade* v. *Orena,* 91 Cal. 565 [27 Pac. 924]; Pomeroy's Equity Jurisprudence, sec. 1007. To these may be added the more recent cases of *Curtis* v. *Schell,* 129 Cal. 208 [79 Am. St. Rep. 207, 61 Pac. 951], *Sohler* v. *Sohler,* 135 Cal. 323 [87 Am. St. Rep. 98, 67 Pac. 282], and *Aldrich* v. *Barton, supra.* In *Griffith* v. *Godey,* 113 U. S. 89 [28 L. Ed. 934, 5 Sup. Ct. Rep. 383, see, also, Rose's U. S. Notes], Mr. Justice Field said: 'If the property be omitted by mistake, or be subsequently discovered, a court of equity may exercise its jurisdiction in the premises and take such action as justice may require. . . . And a fraudulent concealment of property, or a fraudulent disposition of it, is a general and always existing ground for the interposition of equity.' We are aware of the rule that the fraud which will prevail to set aside a judgment or decree must be extrinsic and collateral to the questions examined and determined in the action. (*Pico* v. *Cohn,* 91 Cal. 129 [25 Am. St. Rep. 159, 13 L. R. A. 336, 25 Pac. 970, 27 Pac. 537]; *Hanley* v. *Hanley,* 114 Cal. 690 [46 Pac. 736]; *Mulcahey* v. *Dow,* 131 Cal. 73 [63 Pac. 158].) It was said in *Pico* v. *Cohn,* 91 Cal. 129 [25 Am. St. Rep. 159, 13 L. R. A. 336, 25 Pac. 970, 27 Pac. 537], that 'it is settled beyond controversy that a decree will not be vacated merely because it was obtained by forged documents or perjured testimony.' (See *Fealey* v. *Fealey,* 104 Cal. 354 [43 Am. St. Rep. 111, 38 Pac. 49].) It would seem to us, however, that the complaint brings to light transactions which were not embraced in the guardian's account, but are extrinsic and collateral to the matters set forth in it. The case made is quite as strong as the facts presented in the recent case of *Aldrich* v. *Barton, supra.* The theory generally underlying the refusal of equity courts to vacate decrees is, that the complaining party has had his day in court, and that there must be an end of litigation, and that titles would often be thus disturbed and rendered uncertain, and the innocent be made to suffer. *Sohler* v. *Sohler,* 135 Cal. 323 [87 Am. St. Rep. 98, 67 Pac. 282], is a striking illustration of the flexibility of equity jurisdiction where to do justice to the injured and innocent and pursue the guilty the decree was not disturbed, but the party fraudulently benefited by it was held to be a

trustee, and equity laid hold of him as such, leaving the original decree as to others unaffected.'' (See, also, *Gaver v. Early,* 191 Cal. 123 [215 Pac. 394]; *United States* v. *Throckmorton,* 98 U. S. 61 [25 L. Ed. 73, see, also, Rose's U. S. Notes].)

[2] ''The fact that the personal property was fraudulently withheld from the attention of the probate court and was not administered upon at all in the estate of W. G. Simonton could not have defeated appellants of their estate limited in remainder which vested immediately upon the death of said testator. (Sec. 694, Civ. Code.) The title to the property was not changed in anywise by the fraudulent omission of the executrix to account for it. While the property was included in the estate of Jane Simonton as constituting a part of her estate by her alleged fraudulent acts in violation of her office and trust, and distributed as a part of her estate to respondents, the appellants are not concluded by a decree thus wrongfully procured and equity with its broad and general powers of relief will come to their aid. The equities of this case are well stated in *Estate of Walker,* 160 Cal. 547 [36 L. R. A. (N. S.) 89, 117 Pac. 510], in the following language:

'' 'Respondent's position is that neither the order admitting the will to probate, nor the effect of that order, is in anywise an attack, direct or collateral, upon the decree of distribution; that if through accident, fraud, or mistake, the distributees are holding property under the decree, to which they are not entitled, equity will do justice, not by overthrowing the decree of distribution, but by declaring the distributees to be involuntary trustees of the rightful owners of the property. This principle is, of course, well established. (Civ. Code, sec. 2224; *State* v. *McGlynn,* 20 Cal. 233 [81 Am. Dec. 118]; *Wingerter* v. *Wingerter,* 71 Cal. 105 [11 Pac. 853]; *Mulcahey* v. *Dow,* 131 Cal. 73 [63 Pac. 158]; *Sohler* v. *Sohler,* 135 Cal. 323 [87 Am. St. Rep. 98, 67 Pac. 282]; *Parsons* v. *Weis,* 144 Cal. 419 [77 Pac. 1007]; *Bacon* v. *Bacon,* 150 Cal. 481 [89 Pac. 317]; *Case of Broderick's Will,* 21 Wall. 503 [22 L. Ed. 599, see, also, Rose's U. S. Notes].) Respondent further argues that only in the probate court can the status of the instrument offered for probate be established as a will (*McDaniel* v. *Pattison,* 98 Cal. 86 [27 Pac. 651, 32 Pac. 805]; *Estate of Christensen,*

192 Cal.—42

135 Cal. 674 [68 Pac. 112]), and that in the absence of the establishment of the status of the instrument as a will the devisees and legatees named therein could have no standing in a court of equity. Therefore, it was right and proper, if adequate proof of the execution and character of the instrument were established, for the court to grant it probate. .

" 'This reasoning, we think, is indisputably sound. The sanctity and immunity of a decree of distribution which has become final attaches to the decree itself and not to those who under it may have derived an unconscionable advantage through fraud, accident or mistake. Such questions the probate court does not possess the requisite machinery to try. They belong in a court of equity. (*Estate of Hudson,* 63 Cal. 454; *Dean* v. *Superior Court,* 63 Cal. 473; *Wickersham* v. *Comerford,* 96 Cal. 433 [31 Pac. 358].) Nor are we here called on to anticipate the decision of any such question which may in future arise. It is sufficient on this appeal to say that it was proper for the probate court to establish the last will of the deceased to the end that those entitled to take under that will might be in a position to prosecute their rights in equity.'

"The questions presented by this proceeding in equity could not have been determined by the probate court. [3] That court has no power to determine disputes between heirs or devisees and strangers as to the title to property. (*Buckley* v. *Superior Court,* 102 Cal. 6 [41 Am. St. Rep. 135, 36 Pac. 360]; *Estate of Vance,* 141 Cal. 624 [75 Pac. 323]; *Estate of Strong,* 119 Cal. 663 [51 Pac. 1078]; *Title Ins. etc. Co.* v. *California Development Co.,* 171 Cal. 173 [152 Pac. 542]; *In re Burton,* 93 Cal. 459 [29 Pac. 36]; *Dean* v. *Superior Court,* 63 Cal. 417; *Estate of Hudson,* 63 Cal. 454.)''

The *Estate of Jane Simonton, supra,* is cited by respondents as an authority in their favor. That case is not in conflict with any rule announced here. In fact, it expressly recognizes the rule that equity will intervene in cases where property is withheld by an executor from his account fraudulently or by mistake. There was no claim in that case, as here, that the executrix failed to account for the property in question through fraud or mistake. No such showing was attempted or would have been proper in that proceeding.

Counsel for respondents have requested us to express ourselves in advance of the presentation of certain questions of law and fact which they assert are certain to arise during the trial of the cause. This, we think, would be ill-advised, as any intimation from us in advance of the actual presentation of said matters would be premature and without binding force. We think we have gone as far as it is necessary for us to go in passing upon the merits of a general demurrer.

The judgment of the lower court is reversed, with directions to overrule the demurrer with leave granted to respondents to answer if they so elect.

Lennon, J., Wilbur, C. J., Lawlor, J., Waste, J., and Myers, J., concurred.

Mr. Justice Kerrigan, being disqualified, did not participate in the foregoing.