[Civ. No. 5619.   First Appellate District, Division Two.—September 4, 1926.]

In the Matter of the Estate of FRANCES B. LE FEVRE, Deceased. MILLS W. BARSE, Executor, etc., Appellant, v. CLARA L. SCOTT et al., Respondents.

[1] Estates of Deceased Persons — Decree of Distribution — Accounts—Property Charged to Executor—Appeal.—A decree of distribution merely purports to determine who are entitled to share in the estate and the amount of such share; and while ordinarily a probate court will not undertake to try the title to personal property, nevertheless, as between an executor and lega-

---

1.   See 12 Cal. Jur. 66, 207.

tees under a will, it sometimes becomes necessary in settling the account of an executor for the probate court to hear and determine what properties the executor should be charged with, and in such an instance, in order that the action of the probate court may be reviewed on an appeal, the aggrieved party should appeal from the order settling the account and not from the decree of distribution.

(1) 24 **C. J.**, p. 537, n. 88 New.

APPEAL from an order of the Superior Court of Los Angeles County decreeing distribution. John Perry Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edward E. Leighton for Appellant.

Shaw & McDaniel, Victor E. Shaw, Ivan G. McDaniel and Flint, McKay & Bowen for Respondents.

STURTEVANT, J.—This is an appeal by Mills W. Barse, "both personally and as executor," from paragraph II of the "Decree of Distribution to Foreign Executor under Section 1667 of the Code of Civil Procedure." The appellant brought up a typewritten transcript containing copies of (1) the decree; (2) second and final account and report of executor and petition for final distribution, and (3) notice of appeal. He also brought up a typewritten reporter's transcript which purports to contain proceedings had on February 5, 1925. However, the reporter's transcript does not show what part of the probate proceedings were on hearing on said date. After the transcripts were filed and after the respondent Clara Le Fevre Scott had filed her brief the appellant made a motion that he be granted permission to also bring up as a part of his record on appeal the inventory and the final account. The hearing of that motion was continued until the date of the hearing of the appeal. Thereafter the parties stipulated that the appeal might be submitted on the briefs without oral argument. We must assume, therefore, that the motion to bring up additional papers has been abandoned.

[1] In his opening brief the appellants state that the sole question presented on this appeal is whether the superior

court, sitting as a probate court, exceeded its jurisdiction in making a decree of distribution, determining from the evidence introduced at the hearing that the chattels, household furniture, and furnishings were, at the date of the death of decedent and are now, the property belonging to the estate of said decedent, and that said Mills W. Barse has no right, title, or interest in said property other than the interest acquired by him under the will of said decedent. To that proposition the respondent replied that the record presented to this court does not show that the probate court exceeded its jurisdiction; in other words, that by its decree the probate court attempted to adjudicate title as between the estate and an adverse claimant. In this behalf the respondent contended that such an adjudication under no circumstances could be a part of a decree of distribution because a decree of distribution merely purports to determine who are entitled to share in the estate and the amount of such share. The respondent further contended that while ordinarily a probate court will not undertake to try the title to personal property (*In re Haas*, 97 Cal. 232 [31 Pac. 893, 32 Pac. 327]), nevertheless, as between an executor and legatees under the will, it sometimes becomes necessary in settling the account of an executor for the probate court to hear and determine what properties the executor should be charged with. (*Estate of Simonton*, 183 Cal. 53, 56 [190 Pac. 442].) However, in such an instance, in order that the same may be reviewed on an appeal, the aggrieved party should appeal from the order settling the final account. In this behalf the respondent further showed to this court that in the instant case no appeal from the order settling the final account was taken, and, therefore, that the question which the appellant would have this court determine is not properly before the court. In making these contentions we think the respondent is correct.

After having filed the motion above mentioned the appellant filed a reply brief. In that brief he assumes that the inventory and final account have been brought up. So assuming, he calls attention to the fact that the inventory and the final account refer to the furniture, etc., in a lump sum of seven thousand five hundred dollars. Thereupon he contends that neither the inventory nor the final account show that the particular pieces of personal property which he

claimed to own were included. He then asserts that a decree settling a final account is conclusive only as to those matters contained in the account. While asserting that the pieces of personal property which he claimed were not in the account, the appellant asserts further that he had no remedy by appealing from the decree settling the final account. This last proposition is sound, but it carries the appellant too far. If the pieces of personal property which he claimed to own were not in truth and in fact included in the final account, then it is perfectly clear that the appellant has not been injured and that there is no reason why he should take an appeal. However, be that as it may, as we have recited in the beginning, he took no appeal from the decree settling the final account and he may not present the question on appeal from the decree of distribution.

The order appealed from is affirmed.

Nourse, J., and Langdon, P. J., concurred.