[L. A. No. 8916. In Bank.—September 27, 1928.]

J. G. SIMONTON et al., Appellants, v. LOS ANGELES TRUST AND SAVINGS BANK (a Corporation), as Executor, etc., et al., Respondents.

Stewart & Stewart for Appellants.

Overton, Lyman & Plumb and George W. Prince, Jr., for Respondents.

TYLER, J., *pro tem.*—Suit to impress a trust upon personal property consisting of shares of stock in various companies, distributed to respondents in an estate. Certain phases of this matter have been before this court on former appeals. (*Estate of Simonton*, 183 Cal. 53 [190 Pac. 442]; *Simonton* v. *Los Angeles Trust & Savings Bank*, 192 Cal. 658 [221 Pac. 368].)

The essential facts are not in dispute and are as follows: George W. Simonton and Jane Simonton were husband and wife. The husband died testate in Los Angeles in the year 1904. He had been previously married and left children by such former marriage, but he left no issue of himself and Jane Simonton. Jane Simonton was one of two executors of his will and the same was probated in Los Angeles County and, by its terms, so far as this action is concerned, Jane Simonton took a life estate in the property owned by deceased and the remainder was left to those of his children and grandchildren who should survive his wife. In the probate of the estate certain property was disclosed which was claimed and found by the court to be community property and it was accounted for as such and distributed one-half to Jane

Simonton as surviving widow as her share of the community, the other half to her for life with remainder over to the children and grandchildren of her husband who should survive the wife, as provided for under the terms of the will. Plaintiffs, appellants herein, are among those children and grandchildren. Some thirteen years after the death of her husband and on February 25, 1917, Jane Simonton died testate at Los Angeles. The provisions of her will amounted to intestacy in so far as affects the property here in question, for, after making certain specific bequests it provided that the residue of the estate should go to her heirs at law as provided by the laws of succession of this state. Defendants, respondents herein, other than Josephine Fosdick and the bank who was the executor of the estate of Jane Simonton, are the blood relations, and next of kin of Jane Simonton, they being her brothers and sisters and the children of deceased brothers. After the death of Jane Simonton appellants learned that she held shares of stock in various corporations which were issued to her in her own name, but which she had acquired and held prior to the death of her husband and during the period of her marriage. These shares of stock had not been inventoried by her in the estate of her husband. Upon presentation of the petition for distribution in the estate of Jane Simonton plaintiffs, appellants herein, appeared and claimed the property in question as legatees and devisees under Mrs. Simonton's will as her statutory heirs under subdivision 8 of section 1386 of the Civil Code, the residuary portion of her will, as above stated, having devised and bequeathed such portion of her estate to her heirs at law as determined by the laws of succession of this state. That section provides, in substance, that when a widow dies intestate and without issue, such of her estate as was formerly either the community property of herself and husband or his separate property shall go to the descendants of her husband. The matter was set for hearing and it was determined that the property here in question was the separate property of Mrs. Simonton at the time of her husband's death and that appellants had no interest therein. Other property was held to be community in character and it was distributed to appellants. A decree was entered pursuant to such findings, from which decree appellants appealed to this court. The

decree was affirmed (*Estate of Simonton,* 183 Cal. 53 [190 Pac. 442]). Subsequent to this final judgment appellants brought the present action to declare a trust in their favor in the property involved. The complaint charges, in substance, that Jane Simonton, as the executrix of the last will and testament of her predeceased husband, fraudulently and designedly concealed the property in question from the notice of the probate court in the administration of her husband's estate, and that the same was fraudulently and wrongfully appropriated by her to her own personal use and benefit in violation of her trust and to the prejudice of the plaintiffs, children, and descendants of her deceased husband. Lack of knowledge of the existence of the fact until after the filing of the inventory in the widow's estate is alleged, and by way of a second cause of action it is further alleged that the omission was due to a mistake on the part of Mrs. Simonton. A demurrer was interposed to the complaint and sustained. Plaintiffs failed to amend and judgment was rendered by the trial court in favor of the defendants. An appeal was taken to this court from the judgment and the same was reversed. (*Simonton* v. *Los Angeles T. & S. Bank,* 192 Cal. 651 [221 Pac. 368].) Thereafter defendants by answer denied that any portion of the claimed property was community in character or that it was wrongfully or by mistake omitted from the inventory of the estate of George W. Simonton, and they alleged it was at all times the separate property of Jane Simonton and decreed to be such in the estate of Mrs. Simonton and defendants were therefore estopped by such decree from claiming to be entitled to any of the property in question, it being *res adjudicata* upon the fact that all the property herein sued for and upon which a trust is sought to be declared was at the date of the death of George W. Simonton the separate property of Jane Simonton. The trial court found, in substance, that the property was not wrongfully omitted from the estate of Geo. W. Simonton, but that it was in fact at all times the separate property of Jane Simonton. It further found that it had been determined to be such in a proper proceeding had in her estate for the purpose of determining the persons entitled thereto under the residuary clause of her will; that the determination of what portion of the property of her estate was, on the one hand, the

separate property of Geo. W. Simonton at the time of his death or was community property of the spouses, or on the other, what portion was the separate property of Jane Simonton at such time, was necessary in order to properly make distribution in the estate of Jane Simonton; that a decree was entered in said estate as to all the property upon which plaintiffs here seek to impress a trust in favor of defendants and that such decree became final by its affirmance in this court (*Estate of Simonton*, 183 Cal. 53 [190 Pac. 442]). It further found that plaintiffs having elected to claim the property as heirs and devisees of Jane Simonton under her will were estopped from laying claim to such property in this action. Judgment followed that plaintiffs take nothing by their action.

It is here claimed that the evidence is insufficient to support the finding that the property in question was the separate property of Jane Simonton, as it is not of that clear and convincing character which the law requires. To sustain their allegations of fraud and mistake plaintiffs relied mainly, if not wholly, upon the naked presumption raised by section 164 of the Civil Code, since changed by the legislature, that property acquired during coverture is presumed to be community in character. To destroy or overcome this statutory presumption respondents proved that the Simontons were married between the years of 1875 and 1880; that prior to her marriage Mrs. Simonton worked as a teacher, seamstress, and dressmaker, and was economical in her expenditures and probably had saved and possessed money at the time of her marriage. That subsequent to her marriage and between the years 1877 and 1882 she had received over $2,500 from her father's estate. Her brother testified that he was of the opinion that his sister had invested this sum in stocks of corporations, either in Los Angeles or San Jose, and it appeared that all the corporate stock here sued for, with the exception of eight shares in Bank of St. Helena stock, consisted of stock of corporations situated in those places. It further appeared that Mrs. Simonton received an additional inheritance of between $100 and $300 from a sister. All of this testimony was not disputed. In addition thereto it appeared that the shares of stocks in question had, ever since their acquisition, and during her coverture, stood in the name of Mrs. Simonton,

a fact which is entitled to some weight as evidence of ownership (*Hale* v. *Kennedy*, 42 Cal. App. 398 [183 Pac. 723]). Then, again, defendants were aided in their proof by the very fact that the property was omitted from the inventory of the husband's estate. ▮ The general rule that fraud which is criminal in its essence and involves moral turpitude, at least, is never presumed, but must be affirmatively proved (27 Cor. Jur., p. 44; *Drown* v. *New Amsterdam Casualty Co.*, 175 Cal. 21 [165 Pac. 5]). To have fraudulently omitted the property would have been a crime. The law presumes a person is innocent thereof, which presumption is applicable to civil and criminal cases alike. Where, therefore, in a civil action a question arises the determination of which involves the establishment of a fact that a party has been guilty of fraud or criminal act, the other party, in order to obtain a determination of such question in his favor, must overcome, by at least a fair balance of evidence, not only the evidence introduced by a party so charged, but also the legal presumption of innocence which exists in every case. Again, property does not lose its character or status as separate or community property by a change in form or identity (*Estate of Brady*, 171 Cal. 1 [151 Pac. 275]), and plaintiffs made no effort to show that the character of the property as fixed by its manner of acquisition was at any period ever destroyed or impaired by commingling it with community funds, and the fact that it was not so commingled as indicated by the permanent character of the investments, which at all times stood in the name of Mrs. Simonton. Nor was any evidence introduced to show that the original funds received by Mrs. Simonton in the manner indicated, or which she may have acquired prior to her marriage by reason of the fact that she had an earning power and was industrious and economical, were ever expended by her. The burden of her support rested upon her husband, and he was fully able to maintain his obligation in this respect. Considering the fact that the stock here sued for was appraised in Mrs. Simonton's estate as being of the value of only $8,805, it is not unreasonable to presume that it was the result of accumulation or advance in value through the many years of her ownership. Taking all the facts and circumstances as above narrated into consideration it would be a strange departure on our part, to

say the least, from the well-established rule, to hold that there is insufficient evidence in the record to sustain the finding that the property in question was the separate property of Mrs. Simonton. Disputable inferences or presumptions, such as appellants here rely upon, have been said to be the weakest and least satisfactory character of evidence (*Savings & Loan Soc.* v. *Burnett,* 106 Cal. 514 [39 Pac. 922]). They are allowed to stand, not against the facts they represent, but in lieu of proof of them. When not controverted, however, the court or jury is bound to find according to the presumption. When controverted by other evidence, whether direct or indirect, an issue of fact is raised which it is the duty of the court to determine as in other cases, and its conclusion is conclusive upon an appellate court unless it be manifestly without sufficient support in the evidence (*Fanning* v. *Green,* 156 Cal. 279 [104 Pac. 308]).

 It is difficult if not impossible to state just what *quantum* of evidence is necessary to overcome or dispute such presumption; practically the whole question depends upon the character or circumstances of the particular case. If the rights of a creditor are involved the court may, and indeed generally does, look with a watchful eye upon all transactions between husband and wife. Where, however, the issue arises between husband and wife, or, as here, between the heirs or devisees of either, the court might be content with a *quantum* of proof that might be deemed insufficient in other cases. No hard-and-fast rule can be laid down upon the subject. Proof of separate ownership reasonably certain in view of all the circumstances is all the law requires. Proof beyond a reasonable doubt, or that which produces demonstration is not required and, indeed, in actual practice, degree of proof means very little. Proof to a reasonable certainty means such proof as would so convince the mind of the ordinary man that he would be willing to act upon it in the business affairs of life. This is all that well-considered cases require. (See sec. 1826, Code Civ. Proc.) Just how the courts handle these questions can better be shown by illustration than rule. In discussing the character and *quantum* of evidence necessary to rebut the presumption relied upon by appellants, Mr. Justice Richards in the recent case of *Estate of Nickson,* 187 Cal. 603 [203 Pac.

106], in speaking for the entire court, said: "We are of the opinion that it is incumbent on the party seeking to overcome the presumption of community property to do no more than to produce such legal evidence as, under all the circumstances of the case, would ordinarily produce conviction to an unprejudiced mind, and that in the face of such evidence the naked presumption, unsupported by any testimony must fall." ▮▮▮ The sufficiency of evidence to establish a given fact, where the law requires proof of the fact to be clear and convincing, is primarily, as in other cases, a question for the trial court to determine, and if there is substantial evidence to support the conclusion reached below, the finding is not open to review on appeal. (*Steinberger* v. *Young,* 175 Cal. 81 [165 Pac. 432]; *Couts* v. *Winston,* 153 Cal. 686 [96 Pac. 357].) Here, in our opinion, there is such substantial evidence. This conclusion renders unnecessary a discussion of the finding as to the effect of the final decree in the estate of Jane Simonton, deceased, establishing the property in question to be the separate property of Jane Simonton, which appellants here assail, as plaintiffs have been given full opportunity herein to prove their charges. The same may be said as to the further question of estoppel raised by respondents to the effect that appellants having elected to claim the property herein sued for in such estate under her will, are concluded from again laying claim to such property in this action.

From what we have said it follows that the judgment should be and it is hereby affirmed.

Shenk, J., Richards, J., Waste, C. J., Preston, J., and Curtis, J., concurred.