Hart, J.
The sole question presented is whether the Court of Common Pleas has concurrent jurisdiction with the Probate Court with respect to a claim that one appointed by the Probate Court as executor of a will fraudulently procured the execution and probate of such will, and with respect to a claim that such executor failed to account for assets of the estate.
It is conceded by the defendants that an executor can be held responsible for submitting a fraudulently executed will for probate and for the concealment of assets of the estate which he represents. The defendants concede also that the petition in this case follows closely a form of the petition in the case of Seeds v. Seeds, 116 Ohio St., 144, 156 N. E., 193, 52 A. L. R., 761, wherein this court held that the Court of Common Pleas had jurisdiction to enforce a constructive trust against a person who fraudulently procured the execution and probate of a will and possession of assets of an estate supposedly distributed by the will.
However, the defendants in the instant case maintain that the Seeds case was decided prior to the revision of the Probate Code in 1932, and that, in view of the changes effected in that revision, the doctrine of the Seeds case is no longer applicable.
Prior to 1932, Section 10531, General Code, provided that, after one year after the probate of a will, no person, except infants, persons of unsound mind or persons in captivity, could contest the validity of a will and were forever barred from contesting the probate of such will. Prior cases had held that the Probate Court had no power to alter or set aside a judgment *416 probating a will after the expiration of the period for contest. See McVeigh v. Fetterman, 95 Ohio St., 292, 116 N. E., 518; Mosier v. Harmon, 29 Ohio St., 220; Bailey v. Bailey, 8 Ohio, 239.
The appellants maintain that the controlling principle in the Seeds case was that persons defrauded through the execution and probate of a will should have a remedy, and that, since there was no provision therefor in the Probate Code, the Common Pleas Court, as a court of general jurisdiction, has jurisdiction in such cases. The appellants maintain further that in 1932 the Probate Code was amended so as to shorten the period within which suit might be filed to six months but accorded the Probate Court power to set aside its own judgments, and that such court has been given, by inference at least, exclusive jurisdiction in such matters, as a result of all of which the instant action may not be maintained in the Common Pleas Court.
This extension of power is made by Section 10501-17, General Code (Section 2101.33, Revised Code), which reads as follows:
“The Probate Court shall have the same power as the Common Pleas Court to vacate or modify its orders or judgments.”
Section 10501-53, General Code, as amended in 1932 (Section 2101.24, Revised Code), described and defined the jurisdiction of the Probate Court, in part, as follows:
“Except as hereinafter provided, the Probate Court shall have jurisdiction:
< ( # # #
“3. To direct and control the conduct, and settle the accounts of executors and administrators, and order the distribution of estates;
“4. To appoint and remove guardians and testamentary trustees, direct and control their conduct, and settle their accounts ;
í i # # #
“11. To construe wills;
“12. To render declaratory judgments;
“13. To direct and control the conduct of fiduciaries and settle their accounts.
*417 “Such jurisdiction shall be exclusive in the Probate Court unless otherwise provided by law.
“The Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute.”
Section 10501-55, General Code (Section -2101.24, Revised Code), provides:
“The jurisdiction acquired by a Probate Court over a matter or proceeding is exclusive of that of any other Probate Court, except when otherwise provided by law.”
It will be noted that Section 10501-53, in 13 numbered paragraphs, including 3, 4, 11, 12 and 13, above quoted, specifically defines the jurisdiction of the Probate Court, and the next following paragraph above quoted provides that “such jurisdiction [that is, the jurisdiction provided in the preceding 13 paragraphs] shall be exclusive in the Probate Court unless otherwise provided by law.” The statute does give the Probate Court “exclusive jurisdiction” as to the matters set out in the paragraphs above quoted. By statute the Probate Court is given concurrent jurisdiction with the Common Pleas Court to construe wills and to render declaratory judgments. See Sections 12102-1 and 12102-2, General Code (Sections 2721.02 and 2721.03, Revised Code).
From this analysis of the statute, even in its amended form, it is apparent that the Probate Court is given exclusive jurisdiction in the administration of estates, but this does not mean that the Probate Court has exclusive jurisdiction over a cause of action growing out of fraudulent acts committed against a testator, even though such person may thereafter become the executor of the estate.
Judge Fess, in his opinion in the instant case, aptly said:
“It should be repeated that this action is not against the executor or administrator of an estate in process of administration by the Probate Court. It is against an individual alleged to have committed fraud in obtaining the execution of an invalid will, its probate and the fraudulent acquisition of property rightfully belonging to the plaintiffs.”
In the Seeds case, this court held that where an instru *418 ment in the form of a will is procured by forgery and the same is probated by perjured testimony, and the sole beneficiary named in the will later by legal proceedings procures a transfer of the legal title to property devised by the will to Ms own name, the defrauded party may maintain an independent suit in the Common Pleas Court to obtain relief from the fraud.
in the course of the opinion in that case it is said:
“All these cases very clearly and conclusively establish the power of a court of equity in an independent action, to impeach the solemn judgment of a court of law, where the judgment has been obtained by .fraud and circumvention.”
The case of Burlovic v. Farmer, Admr., 162 Ohio St., 46, 120 N. E. (2d), 705, decided after the amendment of Section 10501-53, General Code, in 1932, the action originating in the Common Pleas Court, was one seeking a declaratory judgment as to the validity of a separation agreement and seeking an injunction restraining an administrator from paying any money to the defendant or surviving spouse. Although the appeal was on questions of law, the Court of Appeals issued a restraining order enjoining the administrator from distributing to the defendant any of the assets of the estate. It was contended by the defendant that the Common Pleas Court had no jurisdiction of the subject matter because the Probate Court had obtained jurisdiction prior to the filing'of plaintiff’s petition. On appeal, this court held that in the maintenance of the action there was no interference with the jurisdiction of the Probate Court, citing Heck v. Heck, 6 Dec. Rep., 604, affirmed, 34 Ohio St., 369; Kane v. Kane, 146 Ohio St., 686, 691, 67 N. E. (2d), 783; and Radaszewski v. Keating, Exrx., 141 Ohio St., 489, 49 N. E. (2d), 167.
As a general rule courts of general jurisdiction, having inherent equity powers, will take jurisdiction of matters, which were expressly within the jurisdiction of courts of limited jurisdiction, to set aside judgments of such latter courts, where it becomes necessary to prevent fraud and illegality from prevailing therein. See State, ex rel. Black et al., Exrs., v. White, Judge, 132 Ohio St., 58, 5 N. E. (2d), 163; Griffith v. Bank of New York, 147 F. (2d), 899, certiorari denied, 325 U. S., 874, 89 L. Ed., 1992, 65 S. Ct., 1414; Smith v. Smith, 224 F., 1; O’Brien *419 v. Markham, 17 F. Supp., 633; Caldwell v. Taylor, 218 Cal., 471, 23 P. (2d), 758, 88 A. L. R., 1194; Griffith v. Godey, 113 U. S., 89, 28 L. Ed., 934, 5 S. Ct., 383; Simonton v. Los Angeles Trust & Savings Bank, 192 Cal., 651, 221 P., 368.
The judgment of the Court of Appeals is affirmed, and the cause is remanded to the Court of Common Pleas for further proceedings according to law.

Judgment affirmed and cause remanded.

Weygandt, C. J., Matthias, Zimmerman, Stewart, Behl and Taet, JJ., concur.