[Civ. No. 17653.   First Dist., Div. Two.   Dec. 9, 1957.]

Estate of ALFRED J. GUIDOTTI, Deceased.   ANN GUI-
DOTTI, Appellant, v. AMERICAN TRUST COMPANY
as Executor, etc., Respondent.

Mandl & Atteridge and Brown, Smith & Taber for Ap-
pellant.

J. T. Harrington, Raymond W. Shelloe and Paul L. Pioda
for Respondent.

DRAPER, J.—Alfred and Ann Guidotti were married Oc-
tober 21, 1950.  He died December 16, 1955, leaving a will
dated March 24, 1954, and a codicil dated May 5, 1954.  The
will declares that all testator's property as of that date is
his separate property, and leaves specified separate property
and "any community property which we may acquire" to

his wife, with the residue to his three sisters. The executor petitioned for instructions as to the character of the property of the estate, alleging upon information and belief that all property listed in the inventory was separate property of decedent. The widow filed a petition alleging that specified items listed in the inventory were community property. The two petitions were heard together, and the court determined that all the questioned items were separate property. The widow appeals.

■ Appellant introduced no evidence. She relies upon the presumption that property acquired after marriage is community in character, unless shown to be separate (*Meyer* v. *Kinzer*, 12 Cal. 247 [73 Am.Dec. 538]). But this presumption may be rebutted (*Simonton* v. *Los Angeles T. & S. Bank*, 205 Cal. 252 [270 P. 672]). ■ In the case at bar, there is evidence tracing all the property in this estate to that owned by decedent before his marriage. At most, appellant can claim a conflict of evidence. In such case, our function is merely to determine whether the finding of the trial court is sustained by substantial evidence (*Estate of Trelut*, 26 Cal.App.2d 717 [80 P.2d 147]). ■ There is also evidence that decedent's family expenses far exceeded the income which appellant claims to be community in character. In view of the presumption that family expenses are paid from community property (*Huber* v. *Huber*, 27 Cal.2d 784, 792 [167 P.2d 708]), it follows that the claimed community earnings could not have resulted in any accumulation of community property (*Estate of Ades*, 81 Cal.App.2d 334 [184 P.2d 1]). Thus the finding of the trial court is amply sustained.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.