[No. B227997. Second Dist., Div. Four. Nov. 8, 2011.]

In re K.A. et al., Persons Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY
SERVICES, Plaintiff and Respondent, v.
L.R. et al., Defendants and Appellants.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*This opinion is certified for partial publication. The portions to be published follow.

**COUNSEL**

Lori Siegel, under appointment by the Court of Appeal, for Defendant and Appellant L.R.

Roni Keller, under appointment by the Court of Appeal, for Defendant and Appellant J.R.

Andrea Sheridan Ordin, County Counsel, James M. Owens, Assistant County Counsel, and Kim Nemoy, Principal Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**EPSTEIN, P. J.**—L.R. and J.R. appeal from jurisdictional and dispositional orders of the juvenile court. L.R. challenges the sufficiency of the evidence to support jurisdictional findings as to her daughter K.A. and her son I.R. J.R. challenges the sufficiency of the evidence to support the jurisdictional finding as to his son I.R. and contends that the dispositional order as to the child also must be reversed. He also challenges orders made on rehearing by the

juvenile court after the Los Angeles County Department of Children and Family Services (Department) sought rehearing of the dispositional order made by the referee. He argues that the rehearing was not held within the timeframe mandated by the California Rules of Court and therefore must be reversed.

In the published portion of this opinion we review the last of these contentions, and conclude that there is no basis for reversal because J.R. failed to demonstrate that he was prejudiced by the delay. In the unpublished portion of the opinion we find no error with respect to the issues raised. We shall affirm the order.

## FACTUAL AND PROCEDURAL SUMMARY*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

### I–III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### IV

 The juvenile court referee made dispositional orders on August 20, 2010. Department's application for rehearing of the disposition order by a juvenile court judge was filed on August 26, 2010, and granted by operation of law on September 20, 2010, under California Rules of Court, rule 5.542(c) (rule 5.542). Under rule 5.542(e), a rehearing of matters other than a detention hearing heard before a referee "must be held within 10 court days after the rehearing is granted." In an ex parte proceeding, the juvenile court set the rehearing for October 22, 2010. On September 21, 2010, at a hearing attended by counsel for the parties and minors, the juvenile court continued the rehearing to October 29, 2010.

J.R.'s challenge to the disposition orders made on rehearing on October 29 is that they were untimely under rule 5.542(e), because, by the time the orders were made on rehearing, the disposition orders had been final for over a month. He cites no authority for this proposition. To the contrary, California Rules of Court, rule 5.540(c) provides: "An order of a referee becomes final 10 calendar days after service of a copy of the order and findings under rule

---

*See footnote, *ante*, page 905.

5.538, if an application for rehearing has *not* been made within that time . . . ." (Italics added.) Here, Department filed an application for rehearing within the 10-day period so the order did not become final under this rule. J.R. also seeks reversal of the orders on rehearing because they were not made within the 10-day time period of rule 5.542(e). He does not raise any other challenge to the modified disposition orders issued on October 29, 2010.

Department concedes the violation of rule 5.542(e), but argues that the orders were not invalid, citing *In re C. T.* (2002) 100 Cal.App.4th 101 [121 Cal.Rptr.2d 897] (*C.T.*). In that case, the Court of Appeal addressed the juvenile court's violation of a provision of the Uniform Child Custody Jurisdiction and Enforcement Act (Fam. Code, § 3400 et seq.; the Act). "When a California court is asked to make a child custody determination under the Act and is informed that a child custody determination has previously been made by a sister state court having jurisdiction, the California court '*shall immediately communicate with the other court.*' ([Fam. Code,] § 3424, subd. (d).)" (100 Cal.App.4th at p. 110, italics added.) It was undisputed that the California court did not contact the sister state court until almost a month after learning of that court's custody order. (*Ibid.*) As a practical matter, the *C.T.* court interpreted this provision to require the California court to contact the sister state court as soon as possible after learning of proceedings in the sister state court. (*Ibid.*)

The *C.T.* court found the error was not prejudicial. It reasoned: "Although the statute states the court *shall* immediately contact the other court, it does not provide any penalty for noncompliance. When a statute does not provide any consequence for noncompliance, the language should be considered directory rather than mandatory. [Citations.]" (*C.T., supra*, 100 Cal.App.4th at p. 111.) The court explained that "[t]he directory and mandatory designations do not refer to whether a particular statutory requirement is permissive or obligatory, *but simply denote whether the failure to comply with a particular procedural step will invalidate the government action to which the procedural requirement relates.*" (*Ibid.*, italics added.) Based on these principles, the court in *C.T.* concluded that the error in not contacting the sister state promptly did not warrant reversal because there was no showing of prejudice. (*Ibid.*)

*C.T., supra*, 100 Cal.App.4th 101 was followed in *In re Miguel E.* (2004) 120 Cal.App.4th 521, 542 [15 Cal.Rptr.3d 530]. In that case, the juvenile court erred by not bifurcating a proceeding to determine whether minors should be removed from the custody of the grandmother under Welfare and Institutions Code section 387 as required by former California Rules of Court, rule 1431 (now rule 5.565). That rule provided that the hearing on a subsequent or supplemental petition under section 387 was to be bifurcated to

first determine the truth of the allegations of the supplemental petition and then address removal under the procedures for disposition hearings. (*In re Miguel E., supra*, 120 Cal.App.4th at p. 542; Cal. Rules of Court, former rule 1431(d).) That court quoted the passage of *C.T., supra*, 100 Cal.App.4th at p. 111 quoted above and concluded that the rule provided no penalty if the court failed to comply with it, making the language directory. (*In re Miguel E., supra*, 120 Cal.App.4th at p. 542.)

Like the rules at issue in *C.T., supra*, 100 Cal.App.4th 101 and in *In re Miguel E., supra*, 120 Cal.App.4th 521, the rule establishing the deadline for rehearing (rule 5.542(e)) had no provision setting out the consequences for a violation of that deadline. J.R. has failed to demonstrate that he was prejudiced by the delay. His counsel fully participated in the rehearing and J.R. testified. We find no basis for reversal in the violation of the deadline under rule 5.542(e).

J.R. also argues that the dispositional findings and orders must be reversed because we must reverse the jurisdictional findings and orders. We have found substantial evidence supporting the jurisdictional findings and orders as to both minors and therefore reject J.R.'s argument on this basis. J.R. also contends we must review the order removing I.R. for clear and convincing evidence. The referee applied that standard in determining that a substantial danger exists if K.A. were to be returned to the home of the mother and J.R. While the referee initially placed I.R. in the home of the parents, on rehearing, the juvenile court found by clear and convincing evidence that a substantial danger to I.R.'s physical or mental health exists in the care of the father.

J.R. incorrectly states the standard of review on appeal from a disposition order. " '[O]n appeal from a judgment required to be based upon clear and convincing evidence, "the clear and convincing evidence test disappears . . . [and] the usual rule of conflicting evidence is applied, giving full effect to the respondent's evidence, however slight, and disregarding the appellant's evidence, however strong." [Citation.]' (*Sheila S. v. Superior Court* (2000) 84 Cal.App.4th 872, 881 [101 Cal.Rptr.2d 187].)" (*In re E.B.* (2010) 184 Cal.App.4th 568, 578 [109 Cal.Rptr.3d 1].)

In light of J.R.'s extended sexual abuse of K.A. and the mother's failure to protect the child from J.R., we are satisfied, under any standard, that the juvenile court did not err in entering a disposition that removed I.R. from the custody of his father.

## DISPOSITION

The jurisdictional and dispositional orders of the juvenile court, as modified on October 29, 2010, are affirmed.

Manella, J., and Suzukawa, J., concurred.

On December 7, 2011, the opinion was modified to read as printed above.