# IN THE SUPREME COURT OF CALIFORNIA

Conservatorship of the Person of O.B.

---

T.B. et al., as Coconservators, etc.,
Petitioners and Respondents,

v.

O.B.,
Objector and Appellant.

S254938

Second Appellate District, Division Six
B290805

Santa Barbara County Superior Court
17PR00325

---

July 27, 2020

Chief Justice Cantil-Sakauye authored the opinion of the Court, in which Justices Chin, Corrigan, Liu, Cuéllar, Kruger and Groban concurred.

---

CONSERVATORSHIP OF O.B.

S254938

Opinion of the Court by Cantil-Sakauye, C. J.

Measured by the certainty each demands, the standard of proof known as clear and convincing evidence — which requires proof making the existence of a fact highly probable — falls between the "more likely than not" standard commonly referred to as a preponderance of the evidence and the more rigorous standard of proof beyond a reasonable doubt. We granted review in this case to clarify how an appellate court is to review the sufficiency of the evidence associated with a finding made by the trier of fact pursuant to the clear and convincing standard.

The issue arises here after the probate court appointed limited coconservators for O.B., a young woman with autism. In challenging this order, O.B. argues that the proof before the probate court did not clearly and convincingly establish that a limited conservatorship was warranted. (See Prob. Code, § 1801, subd. (e) ["The standard of proof for the appointment of a conservator pursuant to this section shall be clear and convincing evidence"].)

There is a split of opinion over how an appellate court should address a claim of insufficient evidence such as the one advanced here. One approach accounts for the fact that the clear and convincing standard of proof requires greater certainty than the preponderance standard does. Courts adopting this view inquire whether the record developed before the trial court contains substantial evidence allowing a reasonable factfinder

1

to make the challenged finding with the confidence required by the clear and convincing standard. (E.g., *T.J. v. Superior Court* (2018) 21 Cal.App.5th 1229, 1239-1240 (*T.J.*).) Another position maintains that the clear and convincing standard of proof has no bearing on appellate review for sufficiency of the evidence. (E.g., *In re Marriage of Murray* (2002) 101 Cal.App.4th 581, 604.) From this perspective, a court reviewing a finding requiring clear and convincing proof surveys the record for substantial evidence, without also considering whether this evidence reasonably could have yielded a finding made with the specific degree of certainty required by the clear and convincing standard.

We conclude that appellate review of the sufficiency of the evidence in support of a finding requiring clear and convincing proof must account for the level of confidence this standard demands. In a matter such as the one before us, when reviewing a finding that a fact has been proved by clear and convincing evidence, the question before the appellate court is whether the record as a whole contains substantial evidence from which a reasonable factfinder could have found it highly probable that the fact was true. Consistent with well-established principles governing review for sufficiency of the evidence, in making this assessment the appellate court must view the record in the light most favorable to the prevailing party below and give due deference to how the trier of fact may have evaluated the credibility of witnesses, resolved conflicts in the evidence, and drawn reasonable inferences from the evidence.

Because the Court of Appeal below took the position that the clear and convincing standard of proof " ' "disappears" ' " on appeal (*Conservatorship of O.B.* (2019) 32 Cal.App.5th 626, 633)

when it rejected O.B.'s challenge to the sufficiency of the evidence, we reverse.

## I. BACKGROUND

In August 2017, respondents T.B. and C.B. filed a petition in Santa Barbara County Superior Court requesting that they be appointed as limited coconservators for O.B., a young woman with autism spectrum disorder. T.B. and C.B. are O.B.'s mother and older sister, respectively. At the time T.B. and C.B. filed their petition, O.B. was 18 years old and resided with her great-grandmother, L.K., in Santa Barbara County.

The public defender was appointed as counsel for O.B. (See Prob. Code, § 1471.) A contested evidentiary hearing was held in the probate court to determine whether a limited conservatorship should be imposed. This hearing was conducted across several court sessions occurring between September 2017 and May 2018, with the probate court judge sitting as the trier of fact. Several witnesses testified at the hearing. Among them, T.B., C.B., L.K., and a cousin of O.B. testified to their interactions with and observations of O.B. Dr. Kathy Khoie, a psychologist, testified that in her opinion, O.B. was not a proper candidate for a limited conservatorship. Christopher Donati, an investigator with the Santa Barbara County Public Guardian's Office, similarly testified that he did not feel a limited conservatorship was necessary.

Before ruling on a limited conservatorship, the judge stated that he had "been involved in numerous hearings, and [O.B.] has been at all of them or most of them. So in addition to some of the different witnesses I am entitled to base my decision based in part on my own observation of [O.B.] at the proceedings." The judge found that a limited conservatorship

was "appropriate" and appointed T.B. and C.B. as limited coconservators. The parties were asked if any requested a statement of decision. No one did, and the judge did not otherwise explain in detail how he had arrived at his findings. He said, "I can go through and comment on everybody's testimony. I don't see any reason to do that. The reviewing court can look at the record."

O.B. appealed, raising several claims of error. The Court of Appeal affirmed. As relevant here, the appellate court rejected O.B.'s argument that the evidence before the probate court was insufficient to justify the appointment of limited coconservators. In making this argument, O.B. explained that the clear and convincing standard of proof applies to the decision to appoint a limited conservator and argued that the Court of Appeal "must apply the same standard in determining whether 'substantial evidence' supports the judgment." (*Conservatorship of O.B.*, *supra*, 32 Cal.App.5th at p. 633.) In finding the evidence sufficient, the Court of Appeal observed that, contrary to O.B.'s position, " 'The "clear and convincing" standard . . . is for the edification and guidance of the trial court and not a standard for appellate review. [Citations.] " 'The sufficiency of evidence to establish a given fact, where the law requires proof of the fact to be clear and convincing, is primarily a question for the trial court to determine, and if there is substantial evidence to support its conclusion, the determination is not open to review on appeal.' [Citations.]" [Citation.] Thus, on appeal from a judgment required to be based upon clear and convincing evidence, "the clear and convincing test disappears . . . [and] the usual rule of conflicting evidence is applied, giving full effect to the respondent's evidence, however slight, and disregarding the

appellant's evidence, however strong." [Citation.]' [Citation.]" (*Id.*, at pp. 633-634.)[1]

We granted review.

## II. DISCUSSION

Our analysis of the issue before us begins with an explanation of the clear and convincing standard of proof and a survey of its various applications. We next assess how appellate courts have perceived their role in reviewing claims that the evidence before the trial court did or did not satisfy the clear and convincing standard. Ultimately, we conclude that logic, sound policy, and precedent all point toward the same conclusion: When reviewing a finding made pursuant to the clear and convincing standard of proof, an appellate court must attune its review for substantial evidence to the heightened degree of certainty required by this standard.

### A. Clear and Convincing Evidence as a Standard of Proof

A " '[b]urden of proof' means the obligation of a party to establish by evidence a requisite degree of belief concerning a fact in the mind of the trier of fact or the court." (Evid. Code, § 115.) "The burden of proof may require a party to . . . establish the existence or nonexistence of a fact by a preponderance of the evidence, by clear and convincing proof, or by proof beyond a reasonable doubt." (*Ibid.*) The standard of proof that applies to a particular determination serves "to instruct the fact finder concerning the degree of confidence our society deems necessary

---

[1] The Court of Appeal also rejected other claims of error raised by O.B. (*Conservatorship of O.B.*, *supra*, 32 Cal.App.5th at pp. 632-633, 635-636), none of which are presently before us.

in the correctness of factual conclusions for a particular type of adjudication, to allocate the risk of error between the litigants, and to indicate the relative importance attached to the ultimate decision." (*Conservatorship of Wendland* (2001) 26 Cal.4th 519, 546 (*Wendland*); see also *In re Winship* (1970) 397 U.S. 358, 369-373 (conc. opn. of Harlan, J.).)

"The default standard of proof in civil cases is the preponderance of the evidence." (*Wendland, supra*, 26 Cal.4th at p. 546, citing Evid. Code, § 115.) This standard " 'simply requires the trier of fact "to believe that the existence of a fact is more probable than its nonexistence." ' " (*In re Angelia P.* (1981) 28 Cal.3d 908, 918.) The more demanding standard of proof beyond a reasonable doubt, meanwhile, applies to findings of guilt in criminal matters. (*In re Winship, supra*, 397 U.S. at p. 364.) Reasonable doubt " 'is not a mere possible doubt; because everything relating to human affairs is open to some possible or imaginary doubt. It is that state of the case, which, after the entire comparison or consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction of the truth of the charge." (Pen. Code, § 1096.)

The standard of proof known as clear and convincing evidence demands a degree of certainty greater than that involved with the preponderance standard, but less than what is required by the standard of proof beyond a reasonable doubt. This intermediate standard "requires a finding of high probability." (*In re Angelia P., supra*, 28 Cal.3d at p. 919; see also CACI No. 201 ["Certain facts must be proved by clear and convincing evidence . . . . This means the party must persuade

you that it is highly probable that the fact is true"].)[2]  One commentator has explicated, "The precise meaning of 'clear and convincing proof' does not lend itself readily to definition.  It is, in reality, a question of how strongly the minds of the trier or triers of fact must be convinced that the facts are as contended by the proponent. . . .   Where clear and convincing proof is required, the proponent must convince the jury or judge, as the case may be, that it is *highly probable* that the facts which he asserts are true.  He must do more than show that the facts are probably true."  (Comment, *Evidence: Clear and Convincing Proof: Appellate Review* (1944) 32 Cal. L.Rev. 74, 75.)

Today, the clear and convincing standard applies to various determinations " 'where particularly important individual interests or rights are at stake,' such as the termination of parental rights, involuntary commitment, and deportation."  (*Weiner v. Fleischman* (1991) 54 Cal.3d 476, 487, quoting *Herman & MacLean v. Huddleston* (1983) 459 U.S. 375, 389; see also *Santosky v. Kramer* (1982) 455 U.S. 745, 769; *Addington v. Texas* (1979) 441 U.S. 418, 423-424; *Woodby v. Immigration Service* (1966) 385 U.S. 276, 285-286.)   Other findings requiring clear and convincing proof include whether a civil defendant is guilty of the "oppression, fraud, or malice" that allows for the imposition of punitive damages (Civ. Code, § 3294, subd. (a)), whether a conservator can withdraw life-sustaining care from a conservatee (*Wendland, supra*, 26 Cal.4th at p. 524), whether conditions necessary for the nonconsensual,

---

[2]  The clear and convincing standard also has been described "as requiring that the evidence be ' "so clear as to leave no substantial doubt"; "sufficiently strong to command the unhesitating assent of every reasonable mind." ' "  (*In re Angelia P., supra*, 28 Cal.3d at p. 919.)

nonemergency administration of psychiatric medication to a prison inmate have been satisfied (Pen. Code, § 2602, subd. (c)(8)), and whether a publisher acted with the intent ("actual malice") that must be shown for a plaintiff to prevail in certain kinds of defamation cases (*Gertz v. Robert Welch, Inc.* (1974) 418 U.S. 323, 342).

Going further back in time, "[t]he requirement in civil actions of more than a preponderance of the evidence was first applied in equity to claims which experience had shown to be inherently subject to fabrication, lapse of memory, or the flexibility of conscience." (Note, *Appellate Review in the Federal Courts of Findings Requiring More than a Preponderance of the Evidence* (1946) 60 Harv. L.Rev. 111, 112.) This court's early case law addressing the clear and convincing standard of proof commonly involved claims of this character, such as assertions that a written instrument should be reformed on the basis of fraud, mistake, or parol evidence. In one early case of this kind, *Lestrade v. Barth* (1862) 19 Cal. 660, we observed that when the correction of a mistake in a written instrument was sought in equity, the evidence showing such a mistake "must be clear and convincing, making out the mistake to the entire satisfaction of the Court, and not loose, equivocal or contradictory, leaving the mistake open to doubt." (*Id.*, at p. 675.) We later stated in *Sheehan v. Sullivan* (1899) 126 Cal. 189 (*Sheehan*) that "[t]he authorities are uniform to the point that to justify a court in determining from oral testimony that a deed which purports to convey land absolutely in fee simple was intended to be something different, as a mortgage or trust, such testimony must be clear, convincing, and conclusive — something more than that modicum of evidence which appellate courts sometimes hold sufficient to warrant a finding where the matter

is not so serious as the overthrow of a clearly expressed deed, solemnly executed and delivered." (*Id.*, at p. 193.)

## B. Consideration of the Clear and Convincing Standard in Appellate Review for Sufficiency of the Evidence

The court in *Sheehan, supra,* 126 Cal. 189, also addressed how other appellate courts had evaluated claims that parol evidence introduced before the trial court had not adequately established that a written deed instrument, absolute on its face, was in fact a mortgage or trust. Our opinion in *Sheehan* observed that through such matters (e.g., *Mahoney v. Bostwick* (1892) 96 Cal. 53) the authorities "clearly declare that the rule, as above stated [requiring clear and convincing evidence that the intent was contrary to the deed's terms], should govern trial courts, and that, where an absolute deed has been found to be something else, the sufficiency of the evidence to support the finding should be considered by the appellate court *in the light of that rule.*" (*Sheehan,* at p. 193, italics added.) In other words, even though the standard of clear and convincing evidence directly governed only the determination made by the trier of fact, appellate courts assessing the sufficiency of the evidence still had to take this standard of proof into account by appropriately reframing their inquiry.

It was understood even at the time *Sheehan* was decided that this adjustment in appellate perspective when the clear and convincing standard applied below did not provide reviewing courts with a liberal license to substitute their views for the conclusions drawn by the trier of fact on matters such as witness credibility and the resolution of conflicts in the evidence. In *Jarnatt v. Cooper* (1881) 59 Cal. 703, for example, this court had explained, "It is doubtless a well-settled rule that the party

alleging fraud or mistake is bound to prove his allegation by clear and convincing evidence. That is, that the evidence which tends to prove the alleged fraud or mistake, if standing alone, uncontradicted, would establish a clear *prima facie* case of fraud or mistake. If it does not, this Court may reverse the judgment on the ground of insufficiency of the evidence to justify the decision. But where the evidence which tends to prove fraud or mistake, if standing alone, uncontradicted, is sufficiently clear and convincing, we can not reverse the judgment on the ground that such evidence is contradicted by other evidence, because the right to pass upon the credibility of witnesses is not vested in this Court." (*Id.*, at p. 706.)

Since *Sheehan*, we have reiterated — albeit sometimes subtly — that when the clear and convincing standard of proof applied in the trial court, an appellate court should review the record for sufficient evidence in a manner mindful of the elevated degree of certainty required by this standard. This guidance often has been coupled with language recognizing the limits of such review. More than a century ago, in *Wadleigh v. Phelps* (1906) 149 Cal. 627, we upheld a finding that a deed, absolute on its face, was in fact a mortgage. (*Id.*, at p. 639.) In doing so, we expounded, "It is, of course, the universal rule that the presumption of law, independent of proof, is that such a deed is what it purports to be — viz. an absolute conveyance — and that this presumption must prevail unless the evidence to the contrary is entirely plain and convincing. This, however, does not mean that the evidence in the record on appeal must be entirely plain and convincing to an appellate court. This question of fact, like other questions of fact, is one for the trial court, and while, as said in *Sheehan v. Sullivan*, 126 Cal. 189, 193 . . . , the appellate court will consider the question as to the

sufficiency of the evidence in the light of that rule, it will not disturb the finding of the trial court to the effect that the deed is a mortgage, where there is substantial evidence *warranting a clear and satisfactory conviction to that effect*. All questions as to preponderance and conflict of evidence are for the trial court." (*Id.*, at p. 637, italics added; see also *Title Ins. and Trust Co. v. Ingersoll* (1910) 158 Cal. 474, 484; *Couts v. Winston* (1908) 153 Cal. 686, 688-689.)

Several of our more recent decisions involving the clear and convincing standard of proof also have recognized that this standard affects a reviewing court's assessment of the sufficiency of the evidence. In *In re Angelia P.*, *supra*, 28 Cal.3d 908, we stated that when reviewing the sufficiency of the evidence supporting an order terminating parental rights, issued upon a finding of clear and convincing evidence (see Civ. Code, former § 232, subd. (a)), " 'the [appellate] court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence — that is, evidence which is reasonable, credible, and of solid value — such that a reasonable trier of fact could find [that termination of parental rights is appropriate based on clear and convincing evidence].' " (*In re Angelia P.*, at p. 924; see also *In re Jasmon O.* (1994) 8 Cal.4th 398, 423 [taking a similar view of the appellate court's responsibility in reviewing a finding under Civ. Code, former § 232].) In *Wendland*, *supra*, 26 Cal.4th 519, where we reviewed a finding by the trial court that the clear and convincing standard had not been satisfied, we described our task as follows: "The 'clear and convincing evidence' test requires a finding of high probability . . . . Applying that standard here, we ask whether the evidence . . . has that degree of clarity . . . ." (*Id.*, at p. 552.) And most recently, in *In re White*

(2020) 9 Cal. 5th 455, 465 (*White*), we specified, "To deny bail under article I, section 12(b) [of the California Constitution], a trial court must also find, by clear and convincing evidence, "a substantial likelihood the person's release would result in great bodily harm to others.' [Citation.] . . . On review, we consider whether any reasonable trier of fact could find, by clear and convincing evidence, a substantial likelihood that the person's release would lead to great bodily harm to others."

As respondents observe, we have on other occasions provided somewhat different descriptions of the reviewing court's role in evaluating a finding requiring clear and convincing evidence. We often have emphasized the appellate court's general responsibility to review the record for substantial evidence, even when the clear and convincing standard of proof applied before the trial court. (E.g., *In re Marriage of Saslow* (1985) 40 Cal.3d 848, 863; *Crail v. Blakely* (1973) 8 Cal.3d 744, 750 (*Crail*); *Nat. Auto & Cas. Co. v. Ind. Acc. Com.* (1949) 34 Cal.2d 20, 25; *Viner v. Untrecht* (1945) 26 Cal.2d 261, 267; *Stromerson v. Averill* (1943) 22 Cal.2d 808, 815 (*Stromerson*); *Simonton v. Los Angeles T. & S. Bank* (1928) 205 Cal. 252, 259; *Treadwell v. Nickel* (1924) 194 Cal. 243, 260-261; *Steinberger v. Young* (1917) 175 Cal. 81, 84-85 (*Steinberger*).) In *Crail*, we explained that the clear and convincing "standard was adopted . . . for the edification and guidance of the trial court, and was not intended as a standard for appellate review. 'The sufficiency of evidence to establish a given fact, where the law requires proof of the fact to be clear and convincing, is primarily a question for the trial court to determine, and if there is substantial evidence to support its conclusion, the determination is not open to review on appeal.' " (*Crail*, at p. 750.) Respondents extract from these decisions the

principle that appellate review of a finding made under the clear and convincing standard is limited to whether the finding is supported by evidence that is "credible, reasonable, and solid" — words commonly used in describing "substantial evidence." (See *In re Teed's Estate* (1952) 112 Cal.App.2d 638, 644.)[3]

The decisions of the Courts of Appeal also do not speak with one clear voice regarding how appellate review for sufficiency of the evidence should unfold when the standard of proof before the trial court was clear and convincing evidence. (*T.J.*, *supra*, 21 Cal.App.5th at pp. 1238-1239 [discussing the views expressed on this subject].) One view downplays the significance of the clear and convincing standard of proof in this

---

[3] Dissenting in *Stromerson*, *supra*, 22 Cal.2d 808, Justice Traynor wrote, "While it rests primarily with the trial court to determine whether the evidence is clear and convincing, its finding is not necessarily conclusive, for in cases governed by the rule requiring such evidence 'the sufficiency of the evidence to support the finding should be considered by the appellate court in the light of that rule.' (*Sheehan*[, *supra*], 126 Cal. 189, 193; [citation].) In such cases it is the duty of the appellate court in reviewing the evidence to determine, not simply whether the trier of facts could reasonably conclude that it is more probable that the fact to be proved exists than that it does not, as in the ordinary civil case where only a preponderance of the evidence is required . . . but to determine whether the trier of facts could reasonably conclude that it is highly probable that the fact exists. When it [is held] that the trial court's finding must be governed by the same test with relation to substantial evidence as ordinarily applies in other civil cases, the rule that the evidence must be clear and convincing becomes meaningless." (*Id.*, at pp. 817-818 (dis. opn. of Traynor, J.); see also Traynor, The Riddle of Harmless Error (1970) p. 29 ["When it is the responsibility of the trier of fact to observe the requirement of clear and convincing evidence . . . it becomes the responsibility of the appellate court to test the finding accordingly"].)

context. Within this group, a few courts have flatly stated that a requirement of clear and convincing proof before the trial court does not necessitate any modifications to the conventional approach to appellate review for substantial evidence in a civil matter. (*Ian J. v. Peter M.* (2013) 213 Cal.App.4th 189, 208; *In re Marriage of Ruelas* (2007) 154 Cal.App.4th 339, 345; *In re Marriage of Murray* (2002) 101 Cal.App.4th 581, 604; *Patrick v. Maryland Casualty Co.* (1990) 217 Cal.App.3d 1566, 1576.) Thus it has been said, "[t]he substantial evidence rule that applies on appeal, applies without regard to the standard of proof applicable at trial" (*In re Marriage of Ruelas*, at p. 345), meaning that a court reviewing a finding requiring clear and convincing proof is "not required to find *more* substantial evidence to support the trial court's finding 'than [it] would if the burden of proof had been only a preponderance of the evidence' " (*Ian J. v. Peter M.*, at p. 208).

Many courts have drawn a similar lesson from the Witkin treatise on California Procedure, which provides in relevant part, "In a few situations, the law requires that a party produce more than an ordinary preponderance; he or she must establish a fact by 'clear and convincing evidence.' [Citations.] But the requirement applies only in the trial court. The judge may reject a showing as not measuring up to the standard, but, if the judge decides in favor of the party with this heavy burden, *the clear and convincing test disappears*. On appeal, the usual rule of conflicting evidence is applied, giving full effect to the respondent's evidence, however slight, and disregarding the appellant's evidence, however strong." (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 371, p. 428, italics added.) The assertion that "the clear and convincing test disappears" (*ibid*.) on appeal fairly imparts that this standard of proof has

no bearing whatsoever on appellate review for sufficiency of the evidence.[4]

Another viewpoint regards an appellate court as obligated to review the record for substantial evidence in a manner mindful of the fact that the clear and convincing standard of proof applied before the trial court.[5] This approach recently was

---

[4] The following Court of Appeal decisions have echoed the Witkin treatise's "disappears" phrasing: *Morgan v. Davidson* (2018) 29 Cal.App.5th 540, 549; *In re Alexzander C.* (2017) 18 Cal.App.5th 438, 451; *Parisi v. Mazzaferro* (2016) 5 Cal.App.5th 1219, 1227, footnote 11; *In re Z.G.* (2016) 5 Cal.App.5th 705, 720; *In re F.S.* (2016) 243 Cal.App.4th 799, 812; *In re J.S.* (2014) 228 Cal.App.4th 1483, 1493; *In re Marriage of E. & Stephen P.* (2013) 213 Cal.App.4th 983, 989-990; *Ian J. v. Peter M.*, *supra*, 213 Cal.App.4th at page 208; *In re A.S.* (2011) 202 Cal.App.4th 237, 247; *In re K.A.* (2011) 201 Cal.App.4th 905, 909; *In re Levi H.* (2011) 197 Cal.App.4th 1279, 1291; *In re E.B.* (2010) 184 Cal.App.4th 568, 578; *In re I.W.* (2009) 180 Cal.App.4th 1517, 1526; *In re Angelique C.* (2003) 113 Cal.App.4th 509, 519; *In re J.I.* (2003) 108 Cal.App.4th 903, 911; *In re Mark L.* (2001) 94 Cal.App.4th 573, 580-581; *Sheila S. v. Superior Court* (2000) 84 Cal.App.4th 872, 881; *Ensworth v. Mullvain* (1990) 224 Cal.App.3d 1105, 1111, footnote 2.

[5] E.g., *Johnson & Johnson Talcum Powder Cases* (2019) 37 Cal.App.5th 292, 333; *T.J.*, *supra*, 21 Cal.App.5th at pages 1239-1240; *Pulte Home Corp. v. American Safety Indemnity Co.* (2017) 14 Cal.App.5th 1086, 1125; *Pfeifer v. John Crane, Inc.* (2013) 220 Cal.App.4th 1270, 1299; *In re Hailey T.* (2012) 212 Cal.App.4th 139, 146; *In re Alexis S.* (2012) 205 Cal.App.4th 48, 54; *In re Andy G.* (2010) 183 Cal.App.4th 1405, 1415; *In re William B.* (2008) 163 Cal.App.4th 1220, 1229; *In re Baby Girl M.* (2006) 135 Cal.App.4th 1528, 1536; *In re Henry V.* (2004) 119 Cal.App.4th 522, 530; *In re Isayah C.* (2004) 118 Cal.App.4th 684, 694; *In re Alvin R.* (2003) 108 Cal.App.4th 962, 971; *In re Luke M.* (2003) 107 Cal.App.4th 1412, 1426; *Shade Foods, Inc. v.*

adopted by the court in connection with a dependency proceeding (see Welf. & Inst. Code, § 366.21, subd. (g)(1)(C)(ii)) in *T.J.*, *supra*, 21 Cal.App.5th 1229. The court in *T.J.* observed that "[i]f the clear and convincing evidence standard 'disappears' on appellate review, that means the distinction between the preponderance standard and the clear and convincing standard . . . is utterly lost on appeal . . . ." (*T.J.*, at p. 1239.) Such an outcome was regarded as compromising "the integrity of the review process," because if the clear and convincing standard has no bearing whatsoever on appellate review, "the ability of the appellate court to correct error is unacceptably weakened." (*Ibid.*) Moved by these considerations, the court in *T.J.* concluded that it must " 'review the record in the light most favorable to the trial court's order to determine whether there is substantial evidence from which a reasonable trier of fact could make the necessary findings *based on the clear and convincing evidence standard.*' " (*Ibid.*, quoting *In re Isayah C.*, *supra*, 118 Cal.App.4th at p. 694.)

All in all, it would be a fair summarization to say that although the trend within our more recent decisions has been to recognize that the application of the clear and convincing standard of proof before the trial court affects appellate review for sufficiency of the evidence, our case law also contains contrary suggestions that have contributed to what is now a significant split of authority among the Courts of Appeal.

---

*Innovative Products Sales & Marketing, Inc.* (2000) 78 Cal.App.4th 847, 891; *In re Kristin H.* (1996) 46 Cal.App.4th 1635, 1654; *In re Basilio T.* (1992) 4 Cal.App.4th 155, 170-171; *Osal v. United Services Auto. Assn.* (1991) 2 Cal.App.4th 1197, 1200; *In re Victoria M.* (1989) 207 Cal.App.3d 1317, 1326; *In re Amos L.* (1981) 124 Cal.App.3d 1031, 1038.

### C. The Clear and Convincing Standard of Proof Informs Appellate Review for Substantial Evidence

We now dispel this uncertainty over the proper manner of appellate review by clarifying that an appellate court evaluating the sufficiency of the evidence in support of a finding must make an appropriate adjustment to its analysis when the clear and convincing standard of proof applied before the trial court. In general, when presented with a challenge to the sufficiency of the evidence associated with a finding requiring clear and convincing evidence, the court must determine whether the record, viewed as a whole, contains substantial evidence from which a reasonable trier of fact could have made the finding of high probability demanded by this standard of proof.[6]

This rule finds support in logic, in the policy interests that are often implicated when clear and convincing evidence supplies the standard of proof, and in precedent. First, "[a]s a matter of logic, a finding that must be based on clear and convincing evidence cannot be viewed on appeal the same as one that may be sustained on a mere preponderance." (*In re C.H.* (Tex. 2002) 89 S.W.3d 17, 25.) As we have long acknowledged (see, e.g., *Sheehan, supra*, 126 Cal. at p. 193), the clear and convincing standard of proof normally applies directly only before the trial court; appellate courts normally do not decide

---

[6] In announcing only a general rule, we recognize that different forms of appellate review may apply in certain circumstances when a determination has been made by the trier of fact under the clear and convincing standard of proof. (See, e.g., *McCoy v. Hearst Corp.* (1986) 42 Cal.3d 835, 845-846 [discussing appellate review of findings of actual malice in defamation suits].)

whether they themselves believe the evidence was so probative. And the fundamental question before an appellate court reviewing for sufficiency of the evidence is the same, regardless of the standard of proof that applied below: whether any reasonable trier of fact could have made the finding that is now challenged on appeal. But the issue before a reviewing court in a given case is whether the trier of fact could have made the finding it *did* arrive upon, rather than a hypothetical finding involving a different standard of proof. Therefore, when reviewing a finding that demands clear and convincing evidence, an appellate court must determine whether the evidence reasonably could have led to a finding made with the specific degree of confidence required by this standard.

Taking the clear and convincing standard into account in this context is also logically consistent with the principle that an appellate court addressing a claim of insufficient proof reviews the record for substantial evidence supporting the challenged finding. Substantial evidence is evidence that is "of ponderable legal significance," "reasonable in nature, credible, and of solid value," and " 'substantial' proof of the essentials which the law requires in a particular case." (*In re Teed's Estate*, *supra*, 112 Cal.App.2d at p. 644.) Respondents draw from this definition of substantial evidence in advocating for their approach to appellate review. They assert that "[s]olid, credible evidence is . . . by definition, clear and convincing because we have rationally invested with determinative significance the trial court's rejection — on credibility, persuasiveness, or other grounds — of the evidence to the contrary," and "[t]he evidence necessary to support the decision below must be credible, reasonable, and solid; otherwise the judgment will be reversed." But these assertions ignore part of what makes substantial

evidence *substantial*. Even if evidence is capable of being regarded as "credible," "reasonable," and "solid," to amount to substantial evidence it also must be "of ponderable legal significance." (*In re Teed's Estate,* at p. 644.) And whether evidence is "of ponderable legal significance" (*ibid*.) cannot be properly evaluated in situations such as the one at bar without accounting for the heightened standard of proof that applied before the trial court.

Second, keeping the clear and convincing standard in mind when reviewing for sufficiency of the evidence helps ensure that an appropriate degree of appellate scrutiny attaches to findings to which this standard applies. As previously noted, the clear and convincing standard is used for various determinations where " 'particularly important individual interests or rights are at stake.' " (*Weiner v. Fleischman*, *supra*, 54 Cal.3d at p. 487.) The selection of the clear and convincing standard in these situations reflects "a very fundamental assessment of the comparative social costs of erroneous factual determinations." (*In re Winship*, *supra*, 397 U.S. at p. 370 (conc. opn. of Harlan, J.).) That is to say, the significant consequences of an erroneous true finding when these interests or rights are involved — such as an improper deportation, an unnecessary involuntary commitment, or an unjustified termination of parental rights — support the application of a heightened standard of proof, relative to the preponderance standard. Yet the use of a clear and convincing standard of proof before the trial court may not by itself completely protect these interests, because "the trier of fact will sometimes, despite his best efforts, be wrong in his factual conclusions." (*Ibid*.) Admittedly, an appellate court that gives appropriate deference to the trier of fact will not be in a position to detect or correct some of these

errors. But when a review of the record establishes that *no reasonable factfinder could have found a matter proved to a degree of high probability*, appellate intervention reaffirms that the interests involved are of special importance, that their deprivation requires a greater burden to be surmounted, and that the judicial system operates in a coordinated fashion to ensure as much.

Third, our holding is more consistent with our recent precedent and with the case law of other state high courts than would be a contrary rule that would have appellate courts ignore the clear and convincing standard when reviewing for substantial evidence. As discussed *ante*, in *In re Angelia P.*, *supra*, 28 Cal.2d at page 924, *In re Jasmon O.*, *supra*, 8 Cal.4th at page 423, *Wendland*, *supra*, 26 Cal.4th at page 552, and *White*, *supra*, 9 Cal.5th at page 465, we recognized that the applicability of the clear and convincing standard of proof before the trial court was relevant to appellate review of the evidentiary record. (Cf. *Dart Industries, Inc. v. Commercial Union Ins. Co.* (2002) 28 Cal.4th 1059, 1082 (conc. opn. of Brown. J.).) Moreover, a survey of the case law of other state courts of last resort reveals numerous recent decisions in which these courts have calibrated their review for sufficient evidence to reflect that the clear and convincing standard of proof applied to the finding at issue. (E.g., *In re N.G.* (Ind. 2016) 51 N.E.3d 1167, 1170; *Moore v. Stills* (Ky. 2010) 307 S.W.3d 71, 82-83; *In re B.D.-Y.* (Kan. 2008) 187 P.3d 594, 606; *Ex parte McInish* (Ala. 2008) 47 So.3d 767, 778; *In re B.T.* (N.H. 2006) 891 A.2d 1193, 1198; *In re S.B.C.* (Okla. 2002) 64 P.3d 1080, 1083; *In re C.H.*, *supra*, 89 S.W.3d at p. 25; *Hudak v. Procek* (Del. 2002) 806 A.2d 140, 150; *Rogers v. Moore* (Minn. 1999) 603 N.W.2d 650, 658; *In re N.H.* (Vt. 1998) 724 A.2d 467, 470; *Estate of Robinson v. Gusta*

(Miss. 1989) 540 So.2d 30, 33; *In Interest of Bush* (Idaho 1988) 749 P.2d 492, 495; *Taylor v. Commissioner of Mental Health* (Me. 1984) 481 A.2d 139, 153; *Blackburn v. Blackburn* (Ga. 1982) 292 S.E.2d 821, 826.)

Our approach also harmonizes with the firmly established rule in criminal cases that the prosecution's burden of proving a defendant's guilt beyond a reasonable doubt affects how an appellate court reviews the record for substantial evidence. In *Jackson v. Virginia* (1979) 443 U.S. 307 (*Jackson*), the United States Supreme Court considered "what standard is to be applied in a federal habeas corpus proceeding when the claim is made that a person has been convicted in a state court upon insufficient evidence." (*Id.*, at p. 309.) The *Jackson* court decided that "the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." (*Id.*, at p. 318.) The high court explained that "this inquiry does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.' [Citation.] Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Citation.] This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal

conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution." (*Id.*, at pp. 318-319.)

The decision in *Jackson* prompted this court "to review and define the California standard for review" of a claim brought by a defendant on direct appeal alleging that a criminal conviction lacked sufficient support in the evidentiary record. (*People v. Johnson* (1980) 26 Cal.3d 557, 562.) We concluded in *Johnson* that the standard of review already established by our case law was consistent with the rule announced in *Jackson*. (*Johnson*, at p. 577.) "[W]henever the evidentiary support for a conviction faces a challenge on appeal," we determined, "the court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*Id.*, at p. 562.) We observed that when engaging in this review, an appellate court " 'must view the evidence in a light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' " (*Id.*, at p. 576.)

Thus it has long been the law that appellate inquiry into the sufficiency of the evidence associated with a criminal conviction both accounts for the beyond a reasonable doubt standard of proof that applied before the trial court and extends an appropriate degree of deference to the perspective of the trier of fact. And with infrequent exceptions, appellate courts have grasped what this kind of review entails. This experience contradicts respondents' argument that a rule that requires the clear and convincing standard of proof to be taken into account when reviewing for substantial evidence will encourage these

same courts to overstep their authority by reweighing the evidence themselves. Out of an abundance of caution, however, we use this opportunity to emphasize that as in criminal appeals involving a challenge to the sufficiency of the evidence, an appellate court reviewing a finding made pursuant to the clear and convincing standard does not reweigh the evidence itself. In assessing how the evidence reasonably could have been evaluated by the trier of fact, an appellate court reviewing such a finding is to view the record in the light most favorable to the judgment below; it must indulge reasonable inferences that the trier of fact might have drawn from the evidence; it must accept the factfinder's resolution of conflicting evidence; and it may not insert its own views regarding the credibility of witnesses in place of the assessments conveyed by the judgment. (See, e.g., *People v. Veamatahau* (2020) 9 Cal.5th 16, 35-36; *People v. Gomez* (2018) 6 Cal.5th 243, 278, 307.) To paraphrase the high court in *Jackson, supra*, 443 U.S. at page 318, the question before a court reviewing a finding that a fact has been proved by clear and convincing evidence is not whether the appellate court itself regards the evidence as clear and convincing; it is whether a reasonable trier of fact could have regarded the evidence as satisfying this standard of proof.

This court's precedent offers less support for respondents' position that appellate review for sufficiency of the evidence should in no way account for the clear and convincing standard of proof that applied before the trial court. As observed *ante*, respondents emphasize language appearing in a line of decisions beginning with *Steinberger, supra*, 175 Cal. 81 and including our statement in *Crail, supra*, 8 Cal.3d 744, that the clear and convincing "standard was adopted . . . for the edification and guidance of the trial court, and was not intended as a standard

for appellate review. 'The sufficiency of evidence to establish a given fact, where the law requires proof of the fact to be clear and convincing, is primarily a question for the trial court to determine, and if there is substantial evidence to support its conclusion, the determination is not open to review on appeal.' " (*Crail*, at p. 750; see also *In re Marriage of Saslow*, *supra*, 40 Cal.3d at p. 863; *Nat. Auto & Cas. Co. v. Ind. Acc. Com.*, *supra*, 34 Cal.2d at p. 25; *Viner v. Untrecht*, *supra*, 26 Cal.2d at p. 267; *Stromerson*, *supra*, 22 Cal.2d at p. 815; *Simonton v. Los Angeles T. & S. Bank*, *supra*, 205 Cal. at p. 259; *Treadwell v. Nickel*, *supra*, 194 Cal. at pp. 260-261; *Steinberger*, 175 Cal. at pp. 84-85.) Respondents assert that representations such as this commit this court to the position that the clear and convincing standard of proof has no bearing on appellate review for substantial evidence.

We disagree. For starters, it is not perfectly clear that *Steinberger* and its progeny all stand for the proposition that the clear and convincing standard of proof's application before the trial court has no effect upon appellate review for sufficiency of the evidence. As it appeared in *Steinberger*, *supra*, 175 Cal. 81, the assertion that "if there be substantial evidence to support the conclusion reached below, the finding is not open to review on appeal" served to clarify a point made earlier in the opinion, that it was the province of the fact-finder to resolve conflicts in the evidence. (*Id.*, at p. 85.) Statements in our later decisions also could be read as stopping well short of the absolutist position respondents assign to them. To say that clear and convincing evidence is not a standard for appellate review is correct in the sense that an appellate court normally does not *itself* review the record for clear and convincing proof. Likewise, representations that an appellate court reviews the record for

substantial evidence, without further explanation of what that evidence must establish, could be understood as more incomplete than incorrect.

We nevertheless appreciate that the decisions respondents rely upon have been interpreted, and not entirely without reason, as casting the clear and convincing standard of proof as irrelevant to appellate review for sufficiency of the evidence. (See, e.g., *Morgan v. Davidson*, *supra*, 29 Cal.App.5th at p. 549.) Even so understood, however, these decisions mean only that our court has in the past sent mixed signals regarding the issue before us. As we have explained, the clear trend within our recent case law, which finds support in older decisions of this court, has been to recognize that when a heightened standard of proof applied before the trial court, an appropriate adjustment must be made to appellate review for sufficiency of the evidence. We confirm today that this modern trend is correct. We therefore disapprove *In re Marriage of Saslow*, *supra*, 40 Cal.3d 848; *Crail v. Blakely*, *supra*, 8 Cal.3d 744; *Nat. Auto & Cas. Co. v. Ind. Acc. Com.*, *supra*, 34 Cal.2d 20; *Viner v. Untrecht*, *supra*, 26 Cal.2d 261; *Stromerson v. Averill*, *supra*, 22 Cal.2d 808; *Simonton v. Los Angeles T. & S. Bank*, *supra*, 205 Cal. 252; *Treadwell v. Nickel*, *supra*, 194 Cal. 243; and *Steinberger v. Young*, *supra*, 175 Cal. 81, to the extent each could be read as regarding the use of the clear and convincing standard of proof before the trial court as having no effect on appellate review for sufficiency of the evidence. (See *Moss v. Superior Court* (1998)

17 Cal.4th 396, 401; *People v. Carbajal* (1995) 10 Cal.4th 1114, 1126.)[7]

---

[7] Insofar as they are inconsistent with our holding, we also disapprove *Ian J. v. Peter M.*, *supra*, 213 Cal.App.4th 189, *In re Marriage of Ruelas*, *supra*, 154 Cal.App.4th 339, *In re Marriage of Murray*, *supra*, 101 Cal.App.4th 581, and *Patrick v. Maryland Casualty Co.*, *supra*, 217 Cal.App.3d 1566, as well as the Court of Appeal decisions that have described the clear and convincing standard as disappearing on appeal: *Morgan v. Davidson*, *supra*, 29 Cal.App.5th 540; *In re Alexzander C.*, *supra*, 18 Cal.App.5th 438; *Parisi v. Mazzaferro*, *supra*, 5 Cal.App.5th 1219; *In re Z.G.*, *supra*, 5 Cal.App.5th 705; *In re F.S.*, *supra*, 243 Cal.App.4th 799; *In re J.S.*, *supra*, 228 Cal.App.4th 1483; *In re Marriage of E. & Stephen P.*, *supra*, 213 Cal.App.4th 983; *In re A.S.*, *supra*, 202 Cal.App.4th 237; *In re K.A.*, *supra*, 201 Cal.App.4th 905; *In re Levi H.*, *supra*, 197 Cal.App.4th 1279; *In re E.B.*, *supra*, 184 Cal.App.4th 568; *In re I.W.*, *supra*, 180 Cal.App.4th 1517; *In re Angelique C.*, *supra*, 113 Cal.App.4th 509; *In re J.I.*, *supra*, 108 Cal.App.4th 903; *In re Mark L.*, *supra*, 94 Cal.App.4th 573; *Sheila S. v. Superior Court*, *supra*, 84 Cal.App.4th 872; and *Ensworth v. Mullvain*, *supra*, 224 Cal.App.3d 1105.

We also use this opportunity to comment upon another provision within the Witkin treatise's discussion of appellate review of findings involving clear and convincing evidence. After observing that "the clear and convincing test disappears" on appeal, the treatise adds that "[o]n appeal, the usual rule of conflicting evidence is applied, giving full effect to the respondent's evidence, however slight, and disregarding the appellant's evidence, however strong." (9 Witkin, Cal. Procedure, *supra*, Appeal, § 371, p. 428.) It should be understood that even if conflicts in the evidence are viewed this way by a reviewing court, giving "full effect" to the respondent's evidence, "however slight" (*ibid.*), does not necessarily mean that this evidence will amount to *substantial* evidence of "ponderable legal significance" (*In re Teed's Estate*, *supra*, 112 Cal.App.2d at p. 644) which reasonably could have been regarded as sufficient to establish a fact with the certainty required by the clear and convincing standard.

Finally, respondents raise a narrower argument sounding in legislative intent. They assert that even if we were to conclude here that the clear and convincing standard of proof does not simply disappear when an appellate court reviews for substantial evidence, the Legislature *thought* this standard vanished on appeal when it enacted the limited conservatorship statute (Stats. 1990, ch. 79, § 14, p. 523; see also Stats. 1980, ch. 1304, § 6, p. 4400) and specified that the standard of proof for the appointment of a conservator is clear and convincing evidence (Stats. 1995, ch. 842, § 7, p. 6410). Respondents argue that we should defer to this expectation in interpreting the requirement of clear and convincing evidence found in Probate Code section 1801, subdivision (e).

This argument is not persuasive. Respondents fail to identify anything within the text or legislative history of Probate Code section 1801 affirmatively establishing that the Legislature believed the clear and convincing standard of proof should be ignored by an appellate court reviewing a record for substantial evidence. Instead, respondents assert that when the Legislature recognized limited conservatorships and directed that the clear and convincing standard of proof applies to the appointment of a conservator, "it did so against the backdrop of 150 years of consistent precedent from this Court squarely holding that such standards [of proof] direct only the trial court, and do not apply ('disappear') on appeal." Thus, respondents claim, the Legislature should be regarded as having implicitly incorporated this judicially created rule within the statute. As we have explained, however, our precedent did *not* consistently articulate the view respondents ascribe to it. Therefore, even if we were to regard our case law as informing prevailing expectations among legislators, and these expectations as

reflective of legislative intent, respondents' argument would still falter at the outset. Given the mixed signals sent by our past decisions, we still could not reasonably conclude that when the Legislature provided for limited conservatorships and specified in section 1801, subdivision (e) that the appointment of a conservator requires clear and convincing evidence, it intended for appellate courts to completely disregard this standard of proof when reviewing the record developed before the probate court for substantial evidence.

To summarize, we hold that an appellate court must account for the clear and convincing standard of proof when addressing a claim that the evidence does not support a finding made under this standard. When reviewing a finding that a fact has been proved by clear and convincing evidence, the question before the appellate court is whether the record as a whole contains substantial evidence from which a reasonable factfinder could have found it highly probable that the fact was true. In conducting its review, the court must view the record in the light most favorable to the prevailing party below and give appropriate deference to how the trier of fact may have evaluated the credibility of witnesses, resolved conflicts in the evidence, and drawn reasonable inferences from the evidence. Because the Court of Appeal below believed that the clear and convincing standard of proof " ' "disappears" ' " on appeal (*Conservatorship of O.B.*, *supra*, 32 Cal.App.5th at p. 633), we remand the cause to that court for it to reevaluate the sufficiency of the evidence in light of the clarification we have provided.

## III. Disposition

We reverse the judgment of the Court of Appeal and remand the cause to that court for further proceedings consistent with this opinion.

**CANTIL-SAKAUYE, C. J.**

**We Concur:**

**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**
**GROBAN, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion**   Conservatorship of O.B.

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XX 32 Cal.App.5th 626
**Rehearing Granted**


_____

**Opinion No.** S254938
**Date Filed:** July 27, 2020

_____

**Court:** Superior
**County:**  Santa Barbara
**Judge:**  James Rigali


_____

**Counsel:**

Gerald J. Miller, under appointment by the Supreme Court, for Objector and Appellant.

Greines, Martin, Stein & Richland, Robert A. Olson and Edward L. Xanders for Association of Southern California Defense Counsel as Amicus Curiae on behalf of Objector and Appellant.

Keiter Appellate Law and Mitchell Keiter for Protecting Our Elders as Amicus Curiae on behalf of Objector and Appellant.

Law Offices of Laura Hoffman King, Laura Hoffman King; Tardiff Law Offices, Neil S. Tardiff; and Shaun P. Martin for Petitioners and Respondents.

Nelson & Fraenkel and Gretchen M. Nelson for Consumer Attorneys of California as Amicus Curiae on behalf of Petitioners and Respondents.

Rita Himes for Legal Services for Prisoners with Children as Amicus Curiae.

Horovitz & Levy, Curt Cutting, Jeremy B. Rosen; U.S. Chamber Litigation Center and Janet Galeria for Chamber of Commerce of the United States as Amicus Curiae.

Thomas F. Coleman; Fitzgerald Yap Kredito and Brook J. Changala for Spectrum Institute, TASH, and Siblings Leadership Network as Amici Curiae.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Gerald J. Miller
P.O. Box 543
Liberty Hill, TX 78642
(512) 778-4161

Shaun P. Martin
5998 Alcala Park, Warren Hall
San Diego, CA 92210
(619) 260-2347